UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D.,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP *et al.*,<br><br>　　　　　　　　Defendants. | No. 1:23-CV-00329<br><br>DEMAND FOR JURY TRIAL |

**RELATORS' MOTION TO COMPEL DEFENDANTS'
COMPLIANCE WITH INITIAL MANDATORY DISCLOSURES**

As the parties are aware, the Court's September 5, 2023 Order Setting Civil Action for Rule 16 Management Conference required the parties to complete their Initial Mandatory Disclosures (including the production of relevant documents) by October 2, 2023.[1] *See* Ex. A. Relators fully complied with the Order and timely produced more than 1,000 documents. Defendants have largely refused to produce ***any*** documents, let alone all documents "relevant to a claim or defense of any party."[2] Dkt. No. 95 at 2. The parties conferred regarding Defendants' failure to produce the required documents on October 5, 2023. At that conference, Defendants confirmed that they are holding back relevant

---

[1] The parties held a Rule 26(f) conference before this case was transferred to this Court. For purposes of calculating deadlines in the Order, the parties agreed to use September 22, 2023, as the triggering date for Initial Mandatory Disclosures. *See* Ex. A.

[2] OnPoint produced a single one-page document, the SETMA Defendants produced 20 documents that are relevant to a defense, and Dr. Holly produced two documents that are relevant to a defense.

documents and refuse to produce them based on a pending motion to stay discovery. The Order and the Local Rules reject this argument.

The Order dictates that Initial Mandatory Disclosures "**shall** occur, before the Rule 16 Management Conference, so that counsel is in a position to intelligently discuss additional required discovery, and scheduling of the case." Dkt. No. 95 at 3. The Rule 16 Management Conference is set for October 11, 2023. To facilitate productive discussion at the Rule 16 Management Conference, Relators request an order from the Court compelling Defendants to comply with the Order and produce all documents "relevant to a claim or defense of any party" prior to October 11, 2023.

Defendants believe they are excused from the Court's Order because they filed a motion to stay discovery based on their pending motions to dismiss. *See* Dkt. No. 60. The Local Rules reject this argument. *See* Local Rule CV-26 (noting that, without a court order, "a party is not excused from responding to discovery because there are pending motions to dismiss"). Defendants know as much. Indeed, in their motion to stay, Defendants stated that they had "received [Judge Gilstrap's] June 15 Scheduling Order" which ordered the production of all relevant documents, and they "intend[ed] to adhere to [that order] unless and until the Court grants relief pursuant th[e] [m]otion or otherwise." Dkt. No. 60 at 2, n.1. While Defendants were presumably willing to comply with Judge Gilstrap's discovery order prior to a ruling on their motion to stay, they are not willing to grant this Court the same deference.

It goes without saying that a party is not entitled to relief merely because the party makes the request. Put simply, there is no basis to delay the Initial Mandatory Disclosures.

Therefore, Relators request that the Court order Defendants to comply with the Order and produce all documents "relevant to a claim or defense of any party" prior to the Rule 16 Management Conference on October 11, 2023.

Dated:  October 5, 2023          Respectfully submitted,

         **REESE MARKETOS LLP**

         By: */s/ Joshua M. Russ*
           Joshua M. Russ
           Texas Bar No. 24074990
           josh.russ@rm-firm.com
           Adam Sanderson
           Texas State Bar No. 24056264
           adam.sanderson@rm-firm.com
           Andrew O. Wirmani
           Texas Bar No. 24052287
           andrew.wirmani@rm-firm.com
           Tyler J. Bexley
           Texas Bar No. 24073923
           tyler.bexley@rm-firm.com
           Brett S. Rosenthal
           Texas Bar No. 24080096
           brett.rosenthal@rm-firm.com
           Allison N. Cook
           Texas Bar No. 24091695
           allison.cook@rm-firm.com

           750 N. Saint Paul St. Ste. 600
           Dallas, Texas 75201-3201
           Telephone: (214) 382-9810
           Facsimile: (214) 501-0731

         **MASTROGIOVANNI MERSKY & FLYNN, P.C.**

         By: */s/ Joseph J. Mastrogiovanni*
           Joseph J. Mastrogiovanni, Jr.
           Texas Bar No. 13184380
           jmastro@mastromersky.com

           2001 Bryan Street, Suite 1250
           Dallas, Texas 75201
           Telephone: (214) 922-8800
           Facsimile: (214) 922-8801

         **ATTORNEYS FOR RELATORS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document was filed on October 5, 2023, through the ECF system, and will thereby be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                 */s/ Allison N. Cook*
                                                 Allison N. Cook

**CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred with counsel for Defendants on October 5, 2023. During that conference, counsel for Defendants confirmed that despite the Court's Order Setting Civil Action for Rule 16 Management Conference, Defendants are holding back documents that are relevant to the claims or defenses of the parties and refuse to produce those documents because they filed a motion to stay discovery. Lead counsel, Joshua M. Russ, was unable to attend the conference because he is in a six-week federal jury trial.

                                                 */s/ Tyler J. Bexley*
                                                 Tyler J. Bexley