**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br>                     Plaintiffs, <br><br> v. <br><br> SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP et al., <br><br>                     Defendants. | **No. 1:23-CV-00329-MJT** <br><br> **DEMAND FOR JURY TRIAL** |

**JOINT REPORT OF RULE 26(F) CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Civil Action for Rule 16 Management Conference (the "Order") (Dkt. No. 95), the parties jointly submit this preliminary report and proposed schedule.

1. **Factual and Legal Synopsis of the Case**

Relator's Allegations

This is a *qui tam* suit brought by Relators on behalf of the government pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Texas Medicaid Fraud Prevention Law, TEX. HUM. RES. CODE ANN. § 36.001 *et seq.* The Complaint alleges three schemes that revolve around a medical practice known as Southeast Texas Medical Associates ("SETMA").

*First*, the Complaint alleges that SETMA conspired with Baptist Hospital of Southeast Texas ("Baptist") to execute sham recruiting agreements under which Baptist paid SETMA nearly $200,000, ostensibly to recruit physicians to the area ("Recruitment Scheme"). Relators allege that these agreements are sham agreements executed to disguise the payment of remuneration in

exchange for SETMA's managers causing its employee practitioners to make referrals to Baptist, including for Medicare and Medicaid patients.

*Second*, the Complaint alleges that SETMA and Drs. Aziz, Holly, Castro, Kumar, Thomas, Anwar, Deiparine, Palang, Qureshi, and Halbert (the "Defendant Physicians") made unlawful and medically unnecessary referrals to a diagnostic lab (*i.e.*, OnPoint Lab, L.L.C.) in the Houston area that several of the Defendant Physicians owned ( "OnPoint Scheme"). Relators, who were formerly doctors working at SETMA, allege that they were pressured to submit medically unnecessary tests and told by the chief operations officer that SETMA's managers kept close tabs on the number of tests ordered by providers specifically because several SETMA doctors owned the lab that was doing the testing. Relators further allege that in the years after the Defendant Physicians acquired the interest in OnPoint, Medicare claims data shows that SETMA, OnPoint, and the Defendant Physicians became outliers in several relevant categories, including drug testing, lab sample transport costs, and intravenous blood draws.

*Third*, the Complaint alleges that Drs. Aziz and Anwar up-coded by conducting remote reviews of patient charts and documenting more serious conditions than those documented by the treating physician ("Upcoding Scheme"). Defendants deny all allegations.

Defendants' Response

Defendants have filed Motions to Dismiss the Complaint pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

With respect to Relators' allegations regarding the Recruitment Scheme, Baptist and SETMA deny Relators' allegations and allege that, Relators bring this action against Baptist and SETMA alleging, in conclusory fashion, the existence of a "payment-for-referrals" scheme based principally on physician recruitment agreements they voluntarily signed in 2015 and that were

intended to help ensure the presence of quality physicians in a chronically underserved area of the country. Now, years later, after Relators breached those agreements and abandoned that underserved community, Relators allege those recruitment agreements were actually part of an illegal kickback scheme in violation of the False Claims Act ("FCA") (31 U.S.C. § 3729, *et. seq.*) and the Texas Medicaid Fraud Prevention Act ("TMFPA") (TEX. HUM. RES. CODE. ANN. § 36.002, *et. seq.*). Relators' allegations are hollow.

Baptist further contends, in particular, Relators have failed to plead either of the "essential elements" of their claims as to Baptist Hospital – namely, the existence of false claims (or a scheme to submit false claims), or Baptist's "knowledge of the claim's falsity," *United States ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 1391, 1398 (2023). As a result, each of Relators' claims must be dismissed. Finally, Defendants contend that a prior lawsuit involving the Relators concerning the recruitment agreements, which was fully settled and released in 2019, strips them of standing to bring these allegations.

Regarding the OnPoint Scheme allegations, OnPoint and the Defendant Physicians assert the Complaint speculates from Relators' limited information and opaque claim data that two sets of claims were presented as a part of a "brazen" referral scheme to present millions of dollars in fraudulent claims. The Defendants say they can prove that the first set of claims were submitted by SETMA as a part of its nursing home practice and did not involve OnPoint at all. The Defendants say they can prove the second set of claims resulted from OnPoint's specialty in processing complex urine tests, and OnPoint had a system in place to exclude SETMA Medicare patient samples and refer them to other labs if received by OnPoint. The Defendants have presented motions to dismiss wherein they cite to Fifth Circuit authority holding that a complaint should be dismissed where the facts stated are equally consistent with legal behavior. The

Defendants have also made clear to Plaintiffs that they have witnesses and records showing the claims resulted from their legal business operations, whereas Plaintiffs have no knowledge and no records supporting their speculation.

In response to the Upcoding Scheme allegations, Defendants SETMA, Muhammad Aziz, MD, and Syed Anwar, MD, deny the allegations of upcoding. Defendants contend that they never engaged in an upcoding scheme and that Relators have no evidence of such a scheme.

Defendant Steward Health Care System LLC ("Steward) joins in and incorporates all of the denials and defenses raised above and in the pending Motions to Dismiss.  Steward further states that Relators' allegations of purported misconduct are limited to the period from 2015 to 2017, and Relators admit that SETMA only "bec[a]me a part of Steward Health . . ." after that period through a transaction announced in January 2019.  No Steward entity had any relationship with SETMA  during the time period alleged in the Complaint. Relators thus fail to state a claim against Steward as a matter of law because all of Relators' allegations pertain to the pre-transaction period and there is no basis to impose liability on Steward for SETMA's alleged conduct from 2015 to 2017. Relators have made no allegations of any wrongdoing beyond the 2015-2017 time period.

## 2.  Jurisdictional Basis for this Suit

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States (*i.e.*, the FCA, the Stark Law and the Anti-Kickback Statute). The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1345 because this case was brought on behalf of the United States.

**3.   <u>Confirmation that Initial Mandatory Disclosures Have Been Completed</u>**

<u>Relators' Position</u>

Relators confirm that they complied with the Court's Order regarding initial mandatory disclosures, including the production of all non-privileged documents relevant to a claim or defense of any party in this action. It is Relators' position that Defendants did not complete the initial mandatory disclosures required by the Court's Order because they did not produce a copy of all non-privileged documents relevant to a claim or defense of any party in this action by the required deadline. Relators have filed a motion to compel on this issue. *See* Dkt. No. 102.

<u>Defendants' Position</u>

Defendants confirm they have  substantially completed their initial disclosures, as required by Paragraph 1 of the Discovery Order, dated August 1, 2023 (Dkt. No. 80), entered by the Honorable Judge Gilstrap. Defendants did so on or about August 21, 2023.

The parties have a disagreement over whether further discovery should be stayed pending consideration of defendants' motion to stay discovery, which was filed on June 26, 2023 and remains pending. (Dkt. No. 60).  The motion is based upon, among other things, clear Fifth Circuit authority that that Rule 9(b) serves as a gatekeeper to discovery and a tool to weed out meritless fraud claims before discovery begins.  Here, defendants have made motions pursuant to Rule 9(b) raising very serious questions about the merits of the Complaint.  Courts have determined that a discovery stay is particularly appropriate where the Defendants principally consist of healthcare providers in underserved communities whose resources are finite and might otherwise be devoted to patient care.

The Defendants believe – and have informed Relators – that this Court, having just been reassigned the matter, should at least have an opportunity to consider the motion to stay in

connection with the case management conference which has been scheduled for just a week after the productions Relators seek would otherwise have been due.  The defendants will, of course, follow this Court's direction.

If the Court does not grant a stay, there are likely to be significant further disputes over whether Relators have in fact produced "all non-privileged documents relevant to a claim or defense," as well as Relators' own recently served document requests which would call for the production of enormous volumes of material of no discernable relevance to the case.  For substantially the reasons set forth above, defendants believe there is no need to burden the Court with such disputes at this stage.

**4.  Proposed Scheduling Order Deadlines**

The parties agree to the Scheduling Order deadlines set forth in Appendix 1 to the Order and attached hereto as Exhibit 1.

**5.  Agreed Mediator**

Judge Gilstrap ordered that the parties mediate this case with Hon. Royal Furgeson (Ret.) (Dkt. No. 74) on or before September 21, 2024. The parties intend to comply with that order and do not request an alternate mediator at this time or any further order that mediation occur at this juncture.

**6.  Changes to Limitations on Discovery Imposed by the Rules**

The parties agree to the following discovery limitations and stipulations:

- Relators may serve no more than 25 interrogatories and 25 requests for admission

- Defendants may serve no more than 55 interrogatories and 55 requests for admission

- The depositions of the parties shall not exceed seven hours, except Defendants may take a total of fourteen hours of deposition testimony from each Relator, to be divided among Defendants in the manner they deem appropriate

- Relators shall be allowed to depose each of the fourteen defendants in this case without seeking leave of Court

- The parties shall be allowed the depositions of four expert witnesses per side and ten hours per side for third-party witness depositions

Relators further request that they be allowed to depose any person or entity identified in Defendants' Rule 26(a) disclosures without seeking leave of Court. Defendants do not agree to this request. Defendants have already agreed to a deposition of each of the fourteen parties in this case and to ten hours of additional time to be used for third parties at Relators' discretion. Defendants believe any further depositions should require a showing of good cause.

**7. <u>Persons Expected to be Deposed</u>**

At this time, Relators anticipate deposing the following persons:

- SETMA
- Steward Health Care System
- OnPoint Lab, L.L.C.
- Baptist
- Muhammad Aziz, M.D.
- Mary Castro, M.D.
- Vijay Kumar, M.D.
- Michael Thomas, M.D.
- James Holly, M.D.
- Syed Anwar, M.D.
- Caesar Deiparine, M.D.
- Ronald Palang, M.D.
- Absar Qureshi, M.D.
- Dean Halbert, M.D.
- Michelle Wiltz
- David Parmer
- Richard A. Bryant
- Pamela A. Moses

At this time, Defendants anticipate deposing the following persons:

- Daniel Elliott
- Lisa Minsloff
- Dr. Raymond Derdarian
- Vickie Jones

- Relators' moving company, as described in paragraph 100 of the Complaint
- Government Representative

## 8. <u>Issues Relating to the Disclosure or Discovery of Electronically Stored Information</u>

The parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information.

## 9. <u>Agreements or Disputes Relating to Asserting Claims of Privilege or Preserving Discoverable Information</u>

The parties agree to preserve all discoverable information per the Federal Rules of Civil Procedure. The parties further agree to exchange privilege logs by August 19, 2024. As part of the privilege log process, the parties agree that they do not need to log communications between trial counsel and the parties related to (1) this lawsuit; (2) the arbitrations styled and numbered *Baptist Hospitals of Southeast Texas v. Lisa Ann Minsloff, M.D.*, AHLA Claim No. 4304, *and Baptist Hospitals of Southeast Texas v. Daniel Elliott, M.D.*, AHLA Claim No. 4308; or (3) the lawsuit styled and numbered *Daniel Elliott, M.D. and Lisa Minsloff, M.D. v. Southeast Texas Medical Associates, LLP*, Cause No. D-202,556.

## 10. <u>Whether Any Orders Should be Entered by the Court Pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)</u>

The parties agree to continue to abide by the protective order previously entered in this matter (Dkt. No. 79). Pursuant to Federal Rule of Civil Procedure 16(b), the parties request the Court enter the Scheduling Order attached as Exhibit 1. Finally, Relators request that the Court enter an order allowing Brett Rosenthal and Allison Cook to appear at the Rule 16 Case Management Conference in lieu of lead counsel Joshua Russ. Mr. Russ is currently in a trial that is expected to last 5-6 weeks, and therefore, he may not be available to attend the Management Conference. Mr. Rosenthal and Ms. Cook have sufficient knowledge of the facts underlying this dispute and have authority to bind the client.

**11. <u>Expected Length of Trial and Whether It Will be to a Jury or the Bench</u>**

The parties anticipate a two-week jury trial.

**12. <u>Names of the Attorneys Who Will Appear on Behalf of the Parties at the Management Conference</u>**

Brett Rosenthal and Allison Cook will appear at the Management Conference on behalf of Relators.

J. Thad Heartfield will appear at the Management Conference on behalf of Baptist Hospitals of Southeast Texas.

Thomas G. Yoxall and Nicholas S. Graber will appear at the Management Conference on behalf of Steward Health Care System LLC.

David Klaudt and James Peacock will appear at the Management Conference on behalf of Southeast Texas Medical Associates, LLP; Muhammad Aziz, M.D.; Mary Castro, M.D.; Vijay Kumar, M.D.; Michael Thomas, M.D.; Syed Anwar, M.D.; Caesar Deiparine, M.D.; Ronald Palang, M.D.; Absar Qureshi, M.D.; Dean Halbert, M.D.; and William George, M.D.

Dennis Roossien will appear at the Management Conference on behalf of OnPoint Lab, L.L.C.

Bruce Partain will appear at the Management Conference on behalf of Dr. James Holly.

**13. <u>Any Other Matters that Counsel Deem Appropriate for Inclusion in the Joint Conference Report</u>**

<u>Relators' Position</u>

Defendants have not produced copies of all documents relevant to the claim or defense of any party. Relators filed a motion to compel on this issue on October 5, 2023. (Dkt. No. 102]).

<u>Defendants' Position</u>

On June 26, 2023, Defendants moved for an order temporarily staying all discovery pending the Court's resolution of: (1) Defendants' motion to transfer this case to the Eastern District of Texas – Beaumont Division, which, if granted might result in the case being re-assigned to a different court; and (2) Defendants' motions to dismiss, all of which seek dismissal based on, among other grounds, the Complaint's failure to comply with the heightened pleading requirements applicable under Fed. R. Civ. P. 9(b). On September 1, 2023, Defendants' motion to transfer was granted (Dkt. No. 94).  The motions to dismiss have been fully briefed but are still pending before this Court. The Motion to Stay Discovery has also been fully briefed and remains pending before the Court.

Dated: October 6, 2023

Respectfully submitted,

*/s/ Joshua M. Russ*
Joshua M. Russ
Texas Bar No. 24074990
josh.russ@rm-firm.com
Joel W. Reese
Texas Bar No. 00788258
REESE MARKETOS LLP
joel.reese@rm-firm.com
Brett S. Rosenthal
Texas Bar No. 24080096
brett.rosenthal@rm-firm.com
750 N. Saint Paul St. Ste. 600
Dallas, Texas 75201-3201
Telephone: (214) 382-9810
Facsimile: (214) 501-0731

Joseph J. Mastrogiovanni, Jr.
Texas Bar No. 13184380
MASTROGIOVANNI MERSKY &
FLYNN, P.C.
jmastro@mastromersky.com
Mastrogiovanni
Mersky & Flynn, P.C.
2001 Bryan Street, Suite 1250
Dallas, Texas 75201
Telephone: (214) 922-8800
Facsimile: (214) 922-8801

**ATTORNEYS FOR RELATORS**

*/s/ J. Thad Heartfield*
J. Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789
Email: thad@heartfieldlawfirm.com

Edward B. Diskant
M. Elias Berman
MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY  10017
Tel: (212) 547-5400
Fax: (646) 390-0877
ediskant@mwe.com
eberman@mwe.com

Jennifer B. Routh
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
Tel: (202) 756-8000
Fax: (202) 756-8087
jrouth@mwe.com

**ATTORNEYS FOR DEFENDANT,**
**Baptist Hospitals of Southeast Texas**

11

/s/ Dennis L. Roossien, Jr.
Dennis L. Roossien, Jr.
State Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Tel: 214-855-7535
droossien@munsch.com

**ATTORNEY FOR DEFENDANT,**
**OnPoint Lab, L.L.C.**

/s/ David W. Klaudt
David W. Klaudt
State Bar No. 00796073
James Peacock
State Bar No. 00791419
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Tel: 214-665-3600
Fax: 214-665-3601
david.klaudt@gtlaw.com
james.peacock@gtlaw.com

**ATTORNEY FOR DEFENDANTS,**
**Southeast Texas Medical Associates,**
**LLP; Muhammad Aziz, M.D.; Mary**
**Castro, M.D.; Vijay Kumar, M.D.;**
**Michael Thomas, M.D.; Syed Anwar,**
**M.D.; Caesar Deiparine, M.D.; Ronald**
**Palang, M.D.; Absar Qureshi, M.D.;**
**Dean Halbert, M.D.; and William**
**George, M.D.**

/s/ Bruce M. Partain
Bruce M. Partain
State Bar No. 15548400
WELLS PEYTON PARTAIN BALDO &
LIGHTY
P.O. Box 3708
Beaumont, Texas 77704
T: 409-838-2644
F: 409-838-0416
bpartain@wellspeyton.com

**ATTORNEY FOR DEFENDANT, DR.**
**JAMES HOLLY**

/s/ Thomas G. Yoxall
Thomas G. Yoxall
State Bar No. 00785304
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
T: 214-740-8683
C: 214-458-3820
F: 214-740-8800
tyoxall@lockelord.com

**ATTORNEY FOR DEFENDANT,**
**Steward Health Care System**

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that a true and correct copy of this document was filed on October 6, 2023, through the ECF system, and will thereby be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                */s/ Allison N. Cook*
                                Allison N. Cook