# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br>            Plaintiffs, <br><br> v. <br><br> SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP *et al.*, <br><br>            Defendants. | No. 1:23-CV-00329 <br><br> **DEMAND FOR JURY TRIAL** |

## RELATORS' MOTION TO COMPEL AND REQUEST FOR EXPEDITED CONSIDERATION

Relators file this motion to resolve a dispute regarding the Court's intent in entering the October 20, 2023 Order Granting in Part Defendants' Joint Motion for a Temporary Stay of Discovery (Dkt. No. 114). The Court ordered a stay of "[a]ll discovery, ***except discovery related to the pending dispositive motions***." *Id.* (emphasis added). Despite this express carveout, Defendants apparently believe that the Court stayed ***all*** discovery and have objected to Relators' narrowly tailored discovery requests targeted at the issues raised in the pending dispositive motions. Because the Court's Order expressly permits the narrow discovery Relators seek, Relators request that the Court overrule Defendants' objections and order Defendants to respond to the discovery requests.

## BACKGROUND

On October 20, 2023, the Court entered an Order Granting in Part Defendants' Joint Motion for a Temporary Stay of Discovery. Specifically, the Court ordered that "[a]ll

discovery, ***except discovery related to the pending dispositive motions***, are stayed." *Id.* (emphasis added). Based on the Court's carveout, on October 24, 2023, only four days after the Court's Order, Relators served a small number of narrowly tailored Requests for Production, Requests for Admission, and Interrogatories on some Defendants that specifically reference issues that those Defendants argue in their pending motions to dismiss. *See* Exs. A-H. Specifically, Relators served the following discovery requests:

- **Baptist Hospitals of Southeast Texas ("Baptist")**: Four Requests for Production, two Interrogatories, and three Requests for Admission

- **OnPoint Lab, LLC ("OnPoint")**: Four Requests for Production and two Requests for Admission

- **Southeast Texas Medical Associates, LLP ("SETMA")**: Three Requests for Production

- **Steward Health Care System LLC ("Steward")**: Three Requests for Production

Defendants objected to these discovery requests primarily based on the Court's Order partially staying discovery, arguing either that (1) discovery is stayed in its entirety or (2) the served requests do not fall within the Order's carveout. Both arguments fail. The Court should overrule these objections and order Defendants to respond to the discovery requests and produce responsive documents with sufficient time for Relators to review those responses and documents before Relators' deadline to file amended pleadings without leave of Court. Currently, that deadline is January 3, 2024 (Dkt. No. 108). Given the holidays and this motion to compel briefing, Relators are simultaneously filing a motion to extend

that deadline by sixty days. Without the benefit of discovery responses, Relators are unable to determine whether and to what extent amendment is appropriate.[1]

## ARGUMENT

The Court should reject Defendants' reliance on the Stay Order as a basis for refusing to participate in discovery because Relators' pending discovery requests fall squarely in the Order's carveout permitting discovery "related to the pending dispositive motions."  In fact, Relators' discovery requests expressly refer to specific contentions in Defendants' motion to dismiss and seek discovery directly related to those contentions. For example, Relators served the below request on Baptist:

> **REQUEST FOR PRODUCTION NO. 2:**
>
> In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid induced or made as a result of the [Recruitment

> Agreements]." In connection with this contention, produce all documents related to Medicare and Medicaid payments received by Baptist for patients that were referred to Baptist by SETMA, including any claims data, correspondence, and patient tracking records.

---

[1] In addition to invoking the Stay Order, Defendants also assert various general and boilerplate objections. These objections are plainly improper and, under established law, are waived for their generality. *See, e.g.*, *See Tsanacas v. Amazon.com, Inc. et al.*, Civ. A. No. 4:17-CV-00306, 2018 WL 324447, at *2 (E.D. Tex. Jan. 8, 2018) ("It is well-established that parties cannot make general and boilerplate objections to discovery requests."); *RealPage, Inc. et al. v. Enter. Risk Control, LLC*, Civ. A. No. 4:16-CV-00737, 2017 WL 1165688, at *3 (E.D. Tex. Mar. 29, 2017) (finding defendants waived several objections by making boilerplate objections). Relators believe that these objections are facially improper and can be summarily overruled. If the Court prefers that the parties substantively address these boilerplate objections after the Court rules on the scope of the stay, Relators are prepared submit additional briefing.

*See* Ex. H at 4-5. In response, Baptist objected, arguing, in part, that this request is "not related to Baptist Hospitals' pending Motion to Dismiss, which has been fully briefed since September 11, the review of which is limited to the four corners of the Complaint." *Id.* at 5. Relators' requests to the other Defendants and each Defendants' responses are similar. *See* Exs. A-H.

Based on these responses, Defendants apparently contend that the Court stayed ***all*** discovery. This ignores the plain language of the Order, which expressly allows discovery "related to the pending dispositive motions." (Dkt. No. 114). In conferring on this Motion, Defendants speculated that the Court must have intended that language to apply to jurisdictional discovery or other discovery necessary to resolve the pending motions to dismiss. But that is not what the Order says. The Order allows discovery "***related to***" the pending motions to dismiss—it is not limited solely to discovery necessary to resolve the pending motions.[2] *Id.* Relators' discovery requests are indisputably "related to" the motions to dismiss—indeed, the requests specifically quote from language in the pending motions. The Court therefore should reject Defendants' efforts to avoid discovery altogether and should overrule Defendants' improper objections.

## CONCLUSION

---

[2] In conferring on this Motion, Defendants also contended that Relators' interpretation is "nonsensical" because there would be no reason for discovery unless it was to be used in responding to the pending motions to dismiss. But the motions were fully briefed at the time the Court entered the Stay Order, so the Court was aware that any discovery under the carveout would not be used in responding to the motions. Relators believe that the intention of the carveout is to permit them to take discovery that may be used for, among other things, determining whether to file an amended complaint that would moot the concerns raised in Defendants' motions to dismiss. To that end, Relators are concurrently filing a motion to extend the deadline for amended pleadings to prevent Defendants' delay tactics from depriving them of this opportunity.

The Court expressly permitted the discovery that Relators seek here. Defendants' objections are the latest in a long line of delay tactics. The Court should reject Defendants' objections and order Defendants to respond to Relators' discovery requests and produce responsive documents.

Dated:  December 14, 2023          Respectfully submitted,

**REESE MARKETOS LLP**

By: */s/ Joshua M. Russ*
    Joshua M. Russ
    Texas Bar No. 24074990
    josh.russ@rm-firm.com
    Joel W. Reese
    Texas Bar No. 00788258
    joel.reese@rm-firm.com
    Adam Sanderson
    Texas State Bar No. 24056264
    adam.sanderson@rm-firm.com
    Andrew O. Wirmani
    Texas Bar No. 24052287
    andrew.wirmani@rm-firm.com
    Tyler J. Bexley
    Texas Bar No. 24073923
    tyler.bexley@rm-firm.com
    Brett S. Rosenthal
    Texas Bar No. 24080096
    brett.rosenthal@rm-firm.com
    Allison N. Cook
    Texas Bar No. 24091695
    allison.cook@rm-firm.com
    750 N. Saint Paul St. Ste. 600
    Dallas, Texas 75201-3201
    Telephone: (214) 382-9810
    Facsimile: (214) 501-0731

**MASTROGIOVANNI MERSKY & FLYNN, P.C.**

By: */s/ Joseph J. Mastrogiovanni*
    Joseph J. Mastrogiovanni, Jr.
    Texas Bar No. 13184380
    jmastro@mastromersky.com
    2001 Bryan Street, Suite 1250
    Dallas, Texas 75201
    Telephone: (214) 922-8800
    Facsimile: (214) 922-8801

**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed on December 14, 2023, through the ECF system, and will thereby be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Allison N. Cook*

Allison N. Cook

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendants, and they confirmed that they are opposed to the relief requested in this motion.

*/s/ Tyler J. Bexley*

Tyler J. Bexley

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D.,<br><br>                              Plaintiffs,<br><br>v.<br><br>SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP *et al.*,<br><br>                              Defendants. | No. 1:23-CV-00329<br><br>**DEMAND FOR JURY TRIAL** |

## <u>DECLARATION OF ALLISON N. COOK</u>

I, Allison N. Cook, declare as follows:

1.      I am an attorney admitted to practice before this Court. I am a lawyer at the law firm of Reese Marketos LLP, counsel for Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D.

2.      I have personal knowledge of the matters set forth in this document and, if called upon to testify as a witness, could and would competently so testify. I make this declaration in support of Relators' Motion to Compel and Request for Expedited Consideration.

3.      Attached as Exhibit A is a true and correct copy of OnPoint Lab LLC's Responses to Relators' First Set of Interrogatories.

4.      Attached as Exhibit B is a true and correct copy of OnPoint Lab, LLC's Responses to Relators' First Set of Requests for Admission.

5.    Attached as Exhibit C is a true and correct copy of OnPoint Lab, LLC's Responses to Relators' First Set of Requests for Production.

6.    Attached as Exhibit D is a true and correct copy Southeast Texas Medical Associates, LLP's Objections and Responses to Relators' First Set of Requests for Production.

7.    Attached as Exhibit E is a true and correct copy of Defendant Steward Health Care System LLC's Responses and Objections to Relators' First Set of Requests for Production.

8.    Attached as Exhibit F is a true and correct copy of Defendant Baptist Hospitals of Southeast Texas' Objections and Responses to Relators' First Set of Requests for Admission.

9.    Attached as Exhibit G is a true and correct copy of Defendant Baptist Hospitals of Southeast Texas' Objections and Responses to Relators' First Set of Requests for Production.

10.    Attached as Exhibit H is a true and correct copy Defendant Baptist Hospitals of Southeast Texas' Objections and Responses to Relators' First Set of Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  December 14, 2023.

/s/ Allison N. Cook
Allison N. Cook

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF TEXAS | § | |
| ex rel. DANIEL W. ELLIOTT, M.D. et al., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-00329 |
| | § | DEMAND FOR JURY TRIAL |
| SOUTHEAST TEXAS MEDICAL | § | |
| ASSOCIATES, LLP; et al. | § | |

## ONPOINT LAB, LLC'S RESPONSES TO RELATORS' FIRST SET OF INTERROGATORIES

Defendant OnPoint Lab, LLC ("*OnPoint*") hereby serves its Responses to Relators' First

Set of Interrogatories as follows:

## RESPONSES TO REQUEST FOR INTERROGATORIES

**INTERROGATORY NO. 1:**  In your Motion to Dismiss, you contend Relators have not sufficiently alleged that false claims were submitted to the government. In connection with this contention, please state the number of claims per year submitted to Medicare and Medicaid for testing performed on specimen sent to OnPoint by SETMA from January 1, 2014, to present.

**RESPONSE:**  OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss.  That motion presents a facial attack on the Complaint (Doc. 63, at 4-5).  The response from Relators defends the motion as such (Doc. 89, at 12).  The motion is therefore to be resolved on the pleadings in this case.  While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them.  This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence.  *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981).  Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion.  *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment).

Page 1

**INTERROGATORY NO. 2:**  In your Motion to Dismiss, you contend Relators have not sufficiently alleged that false claims were submitted to the government. In connection with this contention, please state the total amounts received by OnPoint from Medicare and Medicaid for testing performed on specimen sent to OnPoint by SETMA from January 1, 2014, to present.

**RESPONSE:**  OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss.  That motion presents a facial attack on the Complaint (Doc. 63, at 4-5).  The response from Relators defends the motion as such (Doc. 89, at 12).  The motion is therefore to be resolved on the pleadings in this case.  While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them.  This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence.  *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981).  Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion.  *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment).

Respectfully submitted,

*Dennis Roossien*
Dennis L. Roossien, Jr.
Tex. Bar No. 00784873
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, Ste. 3800
Dallas, Texas 75201
(214) 855-7535
droossien@munsch.com

ATTORNEY FOR ONPOINT LAB, LLC

Page 2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via e-mail on all counsel of record on November 16, 2023.

*Dennis Roossien*
Dennis L. Roossien, Jr.

Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF TEXAS | § | |
| ex rel. DANIEL W. ELLIOTT, M.D. et al., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-00329 |
| | § | DEMAND FOR JURY TRIAL |
| SOUTHEAST TEXAS MEDICAL | § | |
| ASSOCIATES, LLP; et al. | § | |

### ONPOINT LAB, LLC'S RESPONSES TO RELATORS' FIRST SET OF REQUESTS FOR ADMISSION

Defendant OnPoint Lab, LLC ("*OnPoint*") hereby serves its Responses to Relators' First

Set of Requests for Admission as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**     In your Motion to Dismiss, you contend Relators have not sufficiently alleged that false claims were submitted to the government. In connection with this contention, admit that OnPoint submitted claims to Medicare or Medicaid for testing performed on specimen sent to OnPoint by SETMA.

**RESPONSE:** OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss. That motion presents a facial attack on the Complaint (Doc. 63, at 4-5). The response from Relators defends the motion as such (Doc. 89, at 12). The motion is therefore to be resolved on the pleadings in this case. While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them. This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence. *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981). Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion. *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment).

Page 1

**REQUEST FOR ADMISSION NO. 2:**     In your Motion to Dismiss, you contend Relators have not sufficiently alleged that false claims were submitted to the government. In connection with this contention, admit that OnPoint received reimbursement from Medicare or Medicaid for testing performed on specimen sent to OnPoint by SETMA.

**RESPONSE:**  OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss.  That motion presents a facial attack on the Complaint (Doc. 63, at 4-5).  The response from Relators defends the motion as such (Doc. 89, at 12).  The motion is therefore to be resolved on the pleadings in this case.  While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them.  This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence.  *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981).  Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion.  *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment).

Respectfully submitted,

*Dennis Roossien*
Dennis L. Roossien, Jr.
Tex. Bar No. 00784873
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, Ste. 3800
Dallas, Texas 75201
(214) 855-7535
droossien@munsch.com

ATTORNEY FOR ONPOINT LAB, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via e-mail on all counsel of record on November 16, 2023.

*Dennis Roossien*
Dennis L. Roossien, Jr.

Page 2

Exhibit C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF TEXAS | § | |
| ex rel. DANIEL W. ELLIOTT, M.D. et al., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-00329 |
| | § | DEMAND FOR JURY TRIAL |
| SOUTHEAST TEXAS MEDICAL | § | |
| ASSOCIATES, LLP; et al. | § | |

## ONPOINT LAB, LLC'S RESPONSES TO RELATORS'
## FIRST SET OF REQUESTS FOR PRODUCTION

Defendant OnPoint Lab, LLC ("*OnPoint*") hereby serves its Responses to Relators' First

Set of Requests for Production as follows:

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1** In your Motion to Dismiss, you contend Relators have not sufficiently alleged that false claims were submitted to the government. In connection with this contention, produce all documents reflecting Medicare or Medicaid payments received by OnPoint for specimen that was sent to OnPoint by SETMA, including any claims data, correspondence, and patient tracking records.

**RESPONSE** OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss. That motion presents a facial attack on the Complaint (Doc. 63, at 4-5). The response from Relators defends the motion as such (Doc. 89, at 12). The motion is therefore to be resolved on the pleadings in this case. While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them. This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence. *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981). Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion. *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment). Defendants further object this request seeking "all documents" containing redundant information is not reasonably calculated to discovering admissible evidence as to cumulative documentation.

Page 1

**REQUEST FOR PRODUCTION NO. 2**   In your Motion to Dismiss, you contend Relators have not sufficiently alleged that false claims were submitted to the government. In connection with this contention, produce all documents related to Medicare or Medicaid claims submitted by OnPoint for specimen that was sent to OnPoint by SETMA, including any claims data, correspondence, and patient tracking records.

**RESPONSE**   OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss. That motion presents a facial attack on the Complaint (Doc. 63, at 4-5). The response from Relators defends the motion as such (Doc. 89, at 12). The motion is therefore to be resolved on the pleadings in this case. While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them. This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence. *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981). Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion. *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment). Defendants further object this request seeking "all documents" containing redundant information is not reasonably calculated to discovering admissible evidence as to cumulative documentation.

**REQUEST FOR PRODUCTION NO. 3**   In your Motion to Dismiss, you argue "Relators do not know anything about OnPoint's internal operations." In connection with this contention, produce documents related to OnPoint's internal operations, including, but not limited to, (1) all policies and procedures regarding testing, (2) all policies, procedures, and correspondence regarding testing on specimen sent by SETMA, (3) all agreements and correspondence with any other laboratory that OnPoint cross-referred or secondarily referred SETMA specimen for testing.

**RESPONSE**   OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss. That motion presents a facial attack on the Complaint (Doc. 63, at 4-5). The response from Relators defends the motion as such (Doc. 89, at 12). The motion is therefore to be resolved on the pleadings in this case. While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them. This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence. *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981). Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion. *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County*, 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment). Defendants further object this request seeking "all policies and procedures regarding testing" (e.g., how to perform testing) and "all correspondence regarding testing" and "all correspondence with any other laboratory" is not reasonably calculated to discovering admissible evidence.

Page 2

**REQUEST FOR PRODUCTION NO. 4** In your Motion to Dismiss, you argue Relators have failed to allege a reverse false claim. In connection with this contention, produce all documents reflecting reimbursements OnPoint made to Medicare or Medicaid for amounts OnPoint received as a result of billing specimen sent by SETMA.

**RESPONSE** OnPoint objects that this request violates the stay issued by the Court on October 10, 2023 because this request does not seek discovery that could be submitted in relation to OnPoint's pending motion to dismiss. That motion presents a facial attack on the Complaint (Doc. 63, at 4-5). The response from Relators defends the motion as such (Doc. 89, at 12). The motion is therefore to be resolved on the pleadings in this case. While there are narrow circumstances where evidence can be submitted in relation to a motion to dismiss, this is not one of them. This is not, for example, a situation where there has been a factual attack upon the Court's subject matter jurisdiction, which could involve the submission of evidence. *Cf. Evans v. Tubb,* 6557 F.2d 661, 663 (5th Cir. 1981). Neither is this a case where the Court has given notice of an intention to convert the motion to a summary judgment motion. *See Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (converting a motion to dismiss to a summary judgment motion would require the Court to provide the requisite notice); *Salazar v. Zapata County,* 2019 WL 765 146 (S.D.Tex. 2019) (holding motions to dismiss are to be resolved based upon the allegations of the Complaint and declining to convert the motion to dismiss into a motion for summary judgment). Defendants further object this request seeking "all documents" containing redundant information is not reasonably calculated to discovering admissible evidence as to cumulative documentation.

Respectfully submitted,

*Dennis Roossien*
Dennis L. Roossien, Jr.
Tex. Bar No. 00784873
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, Ste. 3800
Dallas, Texas 75201
(214) 855-7535
droossien@munsch.com

ATTORNEY FOR ONPOINT LAB, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via e-mail on all counsel of record on November 16, 2023.

*Dennis Roossien*
Dennis L. Roossien, Jr.

Page 3

Exhibit D

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS ex rel. DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br> *Plaintiffs/Relators*, <br><br> v. <br><br> SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP; STEWARD HEALTH CARE SYSTEM; ONPOINT LAB, L.L.C.; BAPTIST HOSPITALS OF SOUTHEAST TEXAS; MUHAMMAD AZIZ, M.D.; JAMES HOLLY, M.D.; MARY CASTRO, M.D.; VIJAY KUMAR, M.D.; MICHAEL THOMAS, M.D.; SYED ANWAR, M.D.; CAESAR DEIPARINE, M.D.; RONALD PALANG, M.D.; ABSAR QURESHI, M.D.; DEAN HALBERT, M.D., <br><br> *Defendants*. | CIVIL ACTION NO. 1:23-CV-00329 <br> JUDGE MICHAEL J. TRUNCALE |

## SETMA'S OBJECTIONS AND RESPONSES TO
## RELATORS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendant Southeast Texas Medical Associates, LLP ("SETMA") submits the following objections and responses to Relators' First Set of Requests for Production.

Dated: November 21, 2023

Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ David W. Klaudt*
David W. Klaudt
State Bar No. 00796073
David.klaudt@gtlaw.com
James E. Peacock
State Bar No. 00791419
James.Peacock@gtlaw.com
Michael M. Besser
State Bar No. 24105464
Michael.Besser@gtlaw.com
Alex E. Hartzell
State Bar No. 24126522
Alex.Hartzell@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Tel:  (214) 665-3600
Fax:  (214) 665-3601

ATTORNEYS FOR DEFENDANT
SOUTHEAST TEXAS MEDICAL
ASSOCIATES, LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was served via email on all counsel of record on November 21, 2023.

*/s/ Alex E. Hartzell*
Alex E. Hartzell

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** In your Motion to Dismiss, you argue that "Relators fail to allege sufficiently any facts demonstrating that either SETMA or the SETMA Physicians acted with requisite scienter as to any of Relators' alleged schemes." In connection with this contention, produce (1) all documents and communications related to the Recruitment Agreements, (2) all documents and communications related to OnPoint, (3) all documents and communications related to the Blood Draws; and (4) all documents and communications related to the Transportation Mileage.

      **RESPONSE:** SETMA objects to this Request as violating the discovery stay issued by this Court on October 20, 2023 (Dkt. 114) because the Request seeks information beyond that which could be considered at the motion to dismiss stage. SETMA moved to dismiss Relators' Complaint for failing to state a claim (in addition to failing to satisfy Rule 9(b)) (Dkt. 62). Relators defended their motion as sufficiently pleaded (Dkt. 91). But when evaluating a Rule 12(b)(6) motion, courts consider only the facts alleged in the complaint, any documents attached to the complaint, or any matter of which judicial notice may be taken. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Thus, discovery is not needed to resolve a Rule 12(b)(6) motion. *Walker v. Concordia Capital*, 782 F. App'x 355, 356 (5th Cir. 2019) (per curiam). Unsurprisingly, then, "[i]t is not uncommon to stay discovery pending a decision on a [Rule 12(b)(6)] motion to dismiss[.]" *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) (per curiam) (rejecting argument that due process rights violated when court dismisses claims without first permitting discovery). And, in similar situations, courts have determined that permitting discovery would be "improper." *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2021 WL 4502275, at *7 (N.D. Tex. Oct. 1, 2021) (in qui tam case, granting motion to dismiss and rejecting relator's request for discovery to unearth documents supposedly underlying False Claims Act claims in context of ruling on Rule 12(b)(6) motion). This Request, though artfully drafted, seeks broad discovery on topics far beyond that permissible under the Court's October 20 stay order; but even if produced, that information could not even be considered to evaluate SETMA's Rule 12(b)(6) motion.

      SETMA further objects to this Request inasmuch as it demands SETMA produce documents to substantiate the arguments made in its Rule 12(b)(6) motion. SETMA further objects to this Request seeking "all documents and communications . . ." as overbroad. SETMA further objects to the temporal scope of the Request seeking information after 2017, first because Relators' Complaint alleges no wrongful conduct after 2017 and second because Relators quit working for SETMA in 2017. SETMA further objects to this Request to the extent that requesting "all documents and communications" related to the Recruitment Agreements, OnPoint, the Blood Draws, and Transportation Mileage may seek documents or communications protected by the attorney-client privilege or attorney work product privilege. SETMA further objects to this Request insofar as it does not maintain possession, custody, or control of the information sought.

**REQUEST FOR PRODUCTION NO. 2:** In your Motion to Dismiss, you contend that Relators fail to allege that a false claim was submitted to the government. In connection with this contention, produce (1) all documents showing any specimen from Medicare or Medicaid

patients that SETMA sent to OnPoint, (2) all documents reflecting Medicare or Medicaid patients referred to Baptist by SETMA, and (3) all claims data related to the Blood Draws and Transportation Mileage.

**RESPONSE:** SETMA objects to this Request as violating the discovery stay issued by this Court on October 20, 2023 (Dkt. 114) because the Request seeks information beyond that which could be considered at the motion to dismiss stage. SETMA moved to dismiss Relators' Complaint for failing to state a claim (in addition to failing to satisfy Rule 9(b)) (Dkt. 62). Relators defended their motion as sufficiently pleaded (Dkt. 91). But when evaluating a Rule 12(b)(6) motion, courts consider only the facts alleged in the complaint, any documents attached to the complaint, or any matter of which judicial notice may be taken. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Thus, discovery is not needed to resolve a Rule 12(b)(6) motion. *Walker v. Concordia Capital*, 782 F. App'x 355, 356 (5th Cir. 2019) (per curiam). Unsurprisingly, then, "[i]t is not uncommon to stay discovery pending a decision on a [Rule 12(b)(6)] motion to dismiss[.]" *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) (per curiam) (rejecting argument that due process rights violated when court dismisses claims without first permitting discovery). And, in similar situations, courts have determined that permitting discovery would be "improper." *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2021 WL 4502275, at *7 (N.D. Tex. Oct. 1, 2021) (in qui tam case, granting motion to dismiss and rejecting relator's request for discovery to unearth documents supposedly underlying False Claims Act claims in context of ruling on Rule 12(b)(6) motion). This Request, though artfully drafted, seeks broad discovery on topics far beyond that permissible under the Court's October 20 stay order; but even if produced, that information could not even be considered to evaluate SETMA's Rule 12(b)(6) motion.

SETMA further objects to this Request inasmuch as it demands SETMA produce documents to substantiate the arguments made in its Rule 12(b)(6) motion. SETMA further objects to this Request seeking "all documents" or "all claims data" as overbroad. SETMA further objects to the temporal scope of the Requests seeking information after 2017, first because Relators' Complaint alleges no wrongful conduct after 2017 and second because Relators quit working for SETMA in 2017. SETMA further objects to this Request to the extent that requesting "all documents" may seek documents or communications protected by the attorney-client privilege or attorney work product privilege. SETMA further objects to this Request insofar as it does not maintain possession, custody, or control of the information sought.

**REQUEST FOR PRODUCTION NO. 3:** In your Motion to Dismiss, you argue that "Relators have failed to plead sufficiently specific facts to support a vicarious liability theory" against SETMA. In connection with this argument, produce (1) all documents reflecting the scope of authority for SETMA's providers and SETMA's management and (2) all documents showing that any Defendant Physician was acting to benefit himself or herself individually and not acting to benefit SETMA.

**RESPONSE:** SETMA objects to this Request as violating the discovery stay issued by this Court on October 20, 2023 (Dkt. 114) because the Request seeks information beyond that which could be considered at the motion to dismiss stage. SETMA moved to dismiss Relators' Complaint for failing to state a claim (in addition to failing to satisfy Rule 9(b)) (Dkt. 62).

Relators defended their motion as sufficiently pleaded (Dkt. 91). But when evaluating a Rule 12(b)(6) motion, courts consider only the facts alleged in the complaint, any documents attached to the complaint, or any matter of which judicial notice may be taken. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Thus, discovery is not needed to resolve a Rule 12(b)(6) motion. *Walker v. Concordia Capital*, 782 F. App'x 355, 356 (5th Cir. 2019) (per curiam). Unsurprisingly, then, "[i]t is not uncommon to stay discovery pending a decision on a [Rule 12(b)(6)] motion to dismiss[.]" *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) (per curiam) (rejecting argument that due process rights violated when court dismisses claims without first permitting discovery). And, in similar situations, courts have determined that permitting discovery would be "improper." *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2021 WL 4502275, at *7 (N.D. Tex. Oct. 1, 2021) (in qui tam case, granting motion to dismiss and rejecting relator's request for discovery to unearth documents supposedly underlying False Claims Act claims in context of ruling on Rule 12(b)(6) motion). This Request, though artfully drafted, seeks broad discovery on topics far beyond that permissible under the Court's October 20 stay order; but even if produced, that information could not even be considered to evaluate SETMA's Rule 12(b)(6) motion.

SETMA further objects to this Request inasmuch as it demands SETMA produce documents to substantiate the arguments made in its Rule 12(b)(6) motion. SETMA further objects to this Request seeking "all documents" as overbroad. SETMA further objects to the temporal scope of the Requests seeking information after 2017, first because Relators' Complaint alleges no wrongful conduct after 2017 and second because Relators quit working for SETMA in 2017. SETMA further objects to this Request to the extent that requesting "all documents" may seek documents or communications protected by the attorney-client privilege or attorney work product privilege. SETMA further objects to this Request insofar as it does not maintain possession, custody, or control of the information sought.

Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF TEXAS<br>ex rel. DANIEL W. ELLIOTT, M.D. and<br>LISA A. MINSLOFF, M.D.,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHEAST TEXAS MEDICAL<br>ASSOCIATES, L.L.P., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 1:23-cv-00329-MJT |

---

**DEFENDANT STEWARD HEALTH CARE SYSTEM LLC'S RESPONSES AND
OBJECTIONS TO RELATORS' FIRST SET OF REQUESTS FOR PRODUCTION**

---

TO:     Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D., by and through their counsel
        Joshua M. Russ, Reese Marketos LLP, 750 N. Saint Paul St. Ste. 600, Dallas, Texas 75201
        (josh.russ@rm-firm.com).

Defendant Steward Health Care System LLC ("Steward") serves its responses and

objections to Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D.'s (collectively,

"Relators") First Set of Requests for Production ("Requests") pursuant to Fed. R. Civ. P. 34.

Steward reserves its right to supplement or amend these responses and objections.

Respectfully submitted,

*/s/ Thomas G. Yoxall*

**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Nicholas S. Graber**
  State Bar No. 24122918
  nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**Ryan M. DiSantis\***
  State Bar No. (Mass.) 654513
  ryan.disantis@lockelord.com
Locke Lord LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
(617) 239-7613 – Telephone
(617) 227-4420 – Facsimile
*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on November 24, 2023, I served a copy of this document on the individual in the "to" line above and known counsel of record via email.

*/s/ Nicholas S. Graber*
Nicholas S. Graber

## **GENERAL OBJECTIONS**

1.      Steward objects to the Requests to the extent they seek information or documents protected by the attorney-client privilege, work product doctrine, common interest or joint defense privilege, or any other applicable privilege or immunity.

2.      Independent of and without limiting any General Objection or specific objection, Steward objects to Relators' request that it produce any requested documents by November 24, 2023, and further objects to producing any documents before it has had a reasonable period of time to conduct any necessary searches and to review the material for responsiveness and potential privilege. For the avoidance of doubt, this General Objection shall not be taken to suggest that Steward agrees to produce any document in response to the Requests.

3.      Steward objects to the Requests to the extent that they purport to require Steward to create new documents or material.

4.      Steward will give all undefined words, terms, and phrases in the Requests their ordinary and plain meaning. Steward objects to any undefined word, term, or phrase in the Requests being given any other meaning.

5.      Steward objects to the definition of "You," "your," "Defendant," and "Steward" included in Definition 1 on the basis that the definition includes Permian Premier Health Services, Inc. ("Permian"), a separate legal entity that is not a defendant in this case. This definition is unduly burdensome, overbroad, not proportional to the needs of the case, and designed to solicit documents not relevant to any claim or defense in the pleadings in this case (which consists solely of Relators' Complaint). Relators do not assert a claim against Permian and therefore there is no basis to request material related to Permian. Steward voluntarily produced the transaction documents related to the transaction involving Permian and Southeast Texas Medical Associates,

3

L.L.P. ("SETMA") to demonstrate that Steward was not the party involved with the SETMA transaction. Steward will define the foregoing terms to mean Steward Health Care System LLC.

6.      Steward objects to the definitions of "Relators," "SETMA," and "OnPoint," in Definitions 2-4 on the basis that those definitions purport to encompass "anyone acting on [] behalf" of those entities, while Steward would have no way of knowing the identity of such persons, or at least all such persons.

7.      Steward objects to the Requests as overbroad in temporal scope—and therefore also as overbroad in subject matter scope, unduly burdensome, not proportional to the needs of the case, and as seeking irrelevant material outside the scope of discovery given that this is a *qui tam* action—on the basis that the Instructions state that the relevant time period is January 1, 2014 to the present even though Relators were only employed with SETMA from 2015 to early 2017 and do not assert a claim related to any time outside of that period. Steward will define the relevant time period from Relators first day of employment with SETMA through their last day of employment with SETMA.

8.      Steward submits these General Objections and the Specific Objections without conceding or admitting the competency, relevancy, materiality or admissibility of any documents and/or information it might produce or the subject matter of any such documents.

9.      Steward objects to the Requests, including but not limited to the Instructions and Definitions sections, to the extent the Requests attempt to impose on Steward a duty or obligation beyond that required by the Federal Rules of Civil Procedure, including but not limited to obligations beyond what is required in connection with claims of privilege, privilege logs, and formats of any document produced.

10.     Steward incorporates its General Objections into all parts and subparts of the Requests and makes its responses subject to and without waiving these General Objections. The restatement of one or more of these General Objections into a response for a particular Request shall not be understood to mean that the other General Objections are not applicable to that Request. All General Objections are applicable to all Requests.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 1:** In your Motion to Dismiss, you contend that "Relators' complaint lacks any allegation regarding the type of transaction whereby SETMA became a part of [Steward], let alone that Steward assumed SETMA's pretransaction liabilities through the deal." (cleaned up). In Relators' response to your Motion to Dismiss, Relators argued that Steward assumed SETMA's liabilities under the de facto merger doctrine and the mere continuation doctrine. In connection with the factors related to those doctrines, produce all documents reflecting (1) the personnel, location, and assets of SETMA and (2) the current management of SETMA.

**RESPONSE:**  Steward incorporates its General Objections as if fully stated herein. Steward objects to this Request as seeking documents outside the scope of discovery (*i.e.*, irrelevant documents). Fed. R. Civ. P. 26(b)(1) states that: "*Unless otherwise limited by court order*, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relators did not plead successor liability against Steward in their Complaint, including but not limited to by way of the *de facto* merger doctrine or mere continuation doctrine. And, Relators' arguments about these things in their brief in response to Steward's motion to dismiss did not work to amend Relators' Complaint. *See Carnahan v. Argon*

5

*Med. Devices, Inc.*, 6:22-CV-080-JDK, 2022 WL 2392312, at *4 (E.D. Tex. July 1, 2022) ("[I]t is

well settled that a plaintiff cannot amend her complaint through a response brief") (citing *Roebuck*

*v. Dothan Sec., Inc.,* 515 F. App'x 275, 280 (5th Cir. 2013)). The documents Relators seek through

this Request are therefore clearly outside the scope of discovery and Steward objects to producing

the same. Moreover, this Request seeks documents pertaining to SETMA—which itself is a

defendant in this case. Steward therefore separately objects to producing any documents responsive

to this Request on the basis that any such documents would be available from a more convenient

source, *i.e.*, SETMA. Steward also objects to this Request's seeking of "[a]ll documents" on the

basis that the Request fails to set forth the material sought with particularity as required by Fed. R.

Civ. P. 34(b)(1)(A). Steward further objects to this Request to the extent it seeks material protected

by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any

other applicable privilege or immunity.

      **REQUEST NO. 2:** In your Motion to Dismiss, you argue that "[t]he Complaint . . . is silent as to whether Dr. Castro's email concerned Medicare or Medicaid patients, and does not allege that Dr. Castro encouraged SETMA's doctors to send drug tests to OnPoint." In connection with this allegation, produce all documents concerning any specimen from Medicare or Medicaid patients that SETMA sent to OnPoint for testing.

      **RESPONSE:** Steward incorporates its General Objections as if fully stated herein. Steward

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

case as to Steward on the basis that this Request asks Steward to produce documents related to

hypothetical interactions between two other parties—SETMA and OnPoint—and thus those other

parties would be the proper recipients of this Request even assuming the Request was not otherwise

objectionable. Steward objects to this Request as overbroad in temporal scope and subject matter,

unduly burdensome, and not proportional to the needs of the case on the basis that Relators fail to

allege any facts supporting their bare, conclusory allegations and therefore this Request is an

impermissible fishing expedition. Steward further objects to this Request as overbroad in temporal

scope as to Steward and therefore also overbroad in subject matter scope, unduly burdensome, and not proportional to the needs of the case on the basis that all of Relators' allegations pre-date the SETMA-Permian transaction. Therefore, while Steward would not be a proper defendant even if Relators alleged any misconduct after that transaction, it is independently true that there is no basis to issue this Request to Steward given the temporal scope of the Complaint's allegations. Steward also objects to this Request's seeking of "[a]ll documents" on the basis that the Request fails to set forth the material sought with particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Steward further objects to this Request to the extent it seeks material protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 3:** In your Motion to Dismiss, you contend that "Relators do not plead any facts indicating that SETMA directed doctors to send the allegedly unnecessary drug tests to OnPoint." In connection with this allegation, produce all communications discussing SETMA's (1) ownership in OnPoint and (2) use of OnPoint to test specimen.

**RESPONSE:** Steward incorporates its General Objections as if fully stated herein. Steward objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case as to Steward on the basis that this Request asks Steward to produce documents related to hypothetical interactions between two other parties—SETMA and OnPoint—and thus those other parties would be the proper recipients of this Request even assuming the Request was not otherwise objectionable. Steward objects to this Request as overbroad in temporal scope and subject matter, unduly burdensome, and not proportional to the needs of the case on the basis that Relators fail to allege any facts supporting their bare, conclusory allegations and therefore this Request is an impermissible fishing expedition. Steward further objects to this Request as overbroad in temporal scope as to Steward and therefore also overbroad in subject matter scope, unduly burdensome, and not proportional to the needs of the case on the basis that all of Relators' allegations pre-date the

SETMA-Permian transaction. Therefore, while Steward would not be a proper defendant even if Relators alleged any misconduct after that transaction, it is independently true that there is no basis to issue this Request to Steward given the temporal scope of the Complaint's allegations. Steward also objects to this Request's seeking of "[a]ll documents" on the basis that the Request fails to set forth the material sought with particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Steward further objects to this Request to the extent it seeks material protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.

Exhibit F

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

|  |  |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D.,<br><br>               Plaintiffs,<br><br>v.<br><br>SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP et al.,<br><br>               Defendants. | **No. 1:23-CV-00329-MJT**<br><br>**DEFENDANT BAPTIST HOSPITALS OF SOUTHEAST TEXAS' OBJECTIONS AND RESPONSES TO RELATORS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-3)** |

Pursuant to Rules 26 and 36 of the Federal Rule of Civil Procedure, Defendant Baptist Hospitals of Southeast Texas ("Baptist Hospital") hereby provides the following objections and responses to Relators Daniel W. Elliott's and Lisa A. Minsloff's First Set of Requests for Admission (Nos. 1-3) ("Request" or "Requests").

## PRELIMINARY STATEMENT

On June 26, 2023, Defendants jointly moved for an order temporarily staying all discovery pending the Court's resolution of: (1) Defendants' motion to transfer this case to the Eastern District of Texas – Beaumont Division from the Marshall Division; and (2) Defendants' motions to dismiss, which seek dismissal based on, among other grounds, the Complaint's failure to comply with the heightened pleading requirements applicable under Fed. R. Civ. P. 9(b). On September 1, 2023, Defendants' motion to transfer was granted (Dkt. No. 94). On October 20, 2023, Defendants' motion for a temporary stay of discovery was granted, except for "discovery related to the pending dispositive motions," i.e., the motions to dismiss. (Dkt. No. 114.) The Order provided that the stay would "remain in effect until January 19, 2024." (*Id.*)

In response to the order on discovery, on October 24, 2023, Relators served on Baptist Hospital requests for production, requests for admission, and interrogatories, all of which they claim is "related to the pending dispositive motions."

Relators are incorrect.  The discovery requests promulgated by Relators are not "related to the pending dispositive motions," which have been fully briefed for more than two months. Indeed, as Relators themselves argue in their response to Baptist Hospital's motion to dismiss, the Court's inquiry on the "pending dispositive motions" is strictly limited to the material contained in the four corners of the Complaint, and the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff."  (Dkt No. 88 at 8 (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007))).  Notwithstanding those facts, Relators have served broad, burdensome discovery requests which are wholly inconsistent with the Court's stay of discovery.  On that ground alone, Baptist Hospital objects to the Requests in full.

This preliminary statement is hereby incorporated by reference into each of Baptist Hospital's responses.

## **OBJECTIONS TO RELATORS' DEFINITIONS**

Baptist Hospital objects to each and every one of Realtors' Requests on the following grounds.  These objections ("General Objections") shall be incorporated into each of Baptist Hospital's objections and responses to each individual Request set forth below in the "Specific Objections and Responses."

1.     Baptist Hospital objects to the definition of "you," "your," "Defendant," and "Baptist," as (i) vague and ambiguous; (ii) overbroad; (iii) unduly burdensome; (iv) not proportional to the needs of the case; and (v) calling for the production of documents and

information that are subject to a claim of privilege.  Baptist Hospital further objects to this Definition to the extent it includes parties not under Baptist Hospital's control.

2.      Baptist Hospital objects to the definition of "SETMA" as (i) vague and ambiguous; (ii) overbroad; (iii) unduly burdensome; and (iv) not proportional to the needs of the case.

3.      Baptist Hospital objects to the definition of "Motion to Dismiss" on the ground that it does not include the full set of briefing on the motion, including Relators' response and Baptist Hospital's Reply in Support of its Motion to Dismiss.

4.      Baptist Hospital objects to Requests on the ground that they are not limited to a relevant time frame to this litigation and the claims directed against Baptist Hospital in this litigation.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSION NO. 1:**

In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid patients induced or made as a result of the physician recruitment agreements." In connection with this contention, admit that Baptist transferred funds to SETMA per the terms of the Recruitment Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein. In particular, Baptist Hospital objects to this Request on the grounds that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Request is not related to Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11 and which is limited to the four corners of the Complaint.  In addition, Baptist Hospital objects to this Request as vague and ambiguous, including the term "in connection with," as the Request for Admission does not follow from or directly relate to the quoted language from Baptist Hospital's Motion to Dismiss.  Baptist

Hospital further objects to the phrase "terms of the Recruitment Agreement" as vague and ambiguous given that those Agreements include various "terms" and various provisions for payment.  Baptist Hospital further notes that it has already produced documents reflecting the calculation of various payments made to SETMA pursuant to the Physician Recruitment Agreement, and those documents speak for themselves.  On these bases, Baptist Hospital denies this Request.

**REQUEST FOR ADMISSION NO. 2:**

In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid patients induced or made as a result of the physician recruitment agreements." In connection with this contention, admit that Baptist submitted claims to Medicare or Medicaid for the treatment of patients referred to Baptist by SETMA after Baptist transferred funds to SETMA per the terms of the Recruitment Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Request on the ground that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Request is not related to Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11 and which is limited to the four corners of the Complaint.  Baptist Hospital further objects to this Request as vague and ambiguous, including the term "in connection with," as the Request does not follow from the quoted language from Baptist Hospital's Motion to Dismiss.  The Request is also vague and ambiguous with respect to the terms "submitted claims to Medicare or Medicaid" and "referred to Baptist by SETMA."  Baptist Hospital further objects to this Request on the ground that it is compound and requests that Baptist Hospital admit or deny multiple facts, including: (1) that Baptist Hospital submitted claims to Medicare or Medicaid; (2) that Baptist Hospital did so "for the treatment of patients referred to Baptist by SETMA"; and (3) that it did so "after Baptist transferred funds to SETMA per the terms of the Recruitment Agreement."  Baptist Hospital also

objects to the Request as improper and inconsistent with the purpose of Rule 36, which is to "expedite the proceedings" by relieving the parties of the need to litigate "undisputed and peripheral facts" rather than resolving "central facts in dispute."  *Alvarado v. State Farm Lloyds*, No. 7:14-CV-166, 2015 WL 12941979 (S.D. Tex. Jan. 29, 2015) (citing *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 2008 WL 2036816, at *2 (S.D. Tex. May 9, 2008) (internal quotation marks and citations omitted).  On these bases, Baptist Hospital denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid patients induced or made as a result of the physician recruitment agreements." In connection with this contention, admit that Baptist received reimbursement from Medicare or Medicaid for the treatment of patients referred to Baptist by Relators after Baptist transferred funds to SETMA per the terms of the Recruitment Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Request on the ground that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Request is not related to Baptist Hospital's pending Motion to Dismiss which has been fully briefed since September 11 and which is limited to the four corners of the Complaint.  Baptist Hospital further objects to this Request as vague and ambiguous, including the term "in connection with," as the Request does not follow from the quoted language from Baptist Hospital's Motion to Dismiss.  The Request is also vague and ambiguous with respect to the terms "referred to Baptist by Relators."  Relators do not allege in their Complaint that they at any point referred patients to Baptist Hospital.  Baptist Hospital also objects to this Request on the ground that it is compound because it requests that Baptist Hospital admit or deny multiple facts, including: (1) that Baptist Hospital received reimbursement from Medicare or Medicaid; (2) that the reimbursement was "for the treatment of patients referred to Baptist by Relators"; and (3) that it received any reimbursement "after Baptist transferred funds to

SETMA per the terms of the Recruitment Agreement."  Accordingly, Baptist Hospital will treat this Request as three separate requests for admission.  Baptist Hospital also objects to the Request as improper and inconsistent with the purpose of Rule 36, which is to "expedite the proceedings" by reliving the parties of the need to litigate "undisputed and peripheral facts" rather than resolving "central facts in dispute."  *Alvarado v. State Farm Lloyds*, No. 7:14-CV-166, 2015 WL 12941979 (S.D. Tex. Jan. 29, 2015) (citing *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 2008 WL 2036816, at *2 (S.D. Tex. May 9, 2008) (internal quotation marks and citations omitted). On these bases, Baptist Hospital denies this Request.

Dated: November 24, 2023                     Respectfully submitted,

/s/ J. Thad Heartfield
J. Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789
Email: thad@heartfieldlawfirm.com

Edward B. Diskant
M. Elias Berman
MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY  10017
Tel: (212) 547-5400
Fax: (646) 390-0877
ediskant@mwe.com
eberman@mwe.com

Jennifer B. Routh
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
Tel: (202) 756-8000
Fax: (202) 756-8087
jrouth@mwe.com

**ATTORNEYS FOR DEFENDANT,**
**Baptist Hospitals of Southeast Texas**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via e-mail on all counsel of record on November 24, 2023.
.

 _/s/ J. Thad Heartfield_____
J. Thad Heartfield

Exhibit G

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D.,<br><br>                   Plaintiffs,<br><br>v.<br><br>SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP et al.,<br><br>                   Defendants. | **No. 1:23-CV-00329-MJT**<br><br>**DEFENDANT BAPTIST HOSPITALS OF SOUTHEAST TEXAS' OBJECTIONS AND RESPONSES TO RELATORS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Defendant Baptist Hospitals of Southeast Texas ("Baptist Hospital") hereby provides the following objections and responses to Relators Daniel W. Elliott's and Lisa A. Minsloff's First Set of Requests for Production (Nos. 1-4) ("Request" or "Requests").

## PRELIMINARY STATEMENT

On June 26, 2023, Defendants jointly moved for an order temporarily staying all discovery pending the Court's resolution of: (1) Defendants' motion to transfer this case to the Eastern District of Texas – Beaumont Division from the Marshall Division; and (2) Defendants' motions to dismiss, which seek dismissal based on, among other grounds, the Complaint's failure to comply with the heightened pleading requirements applicable under Fed. R. Civ. P. 9(b).  On September 1, 2023, Defendants' motion to transfer was granted (Dkt. No. 94).  On October 20, 2023, Defendants' motion for a temporary stay of discovery was granted, except for "discovery related to the pending dispositive motions," i.e., the motions to dismiss.  (Dkt. No. 114.)  The Order provided that the stay would "remain in effect until January 19, 2024."  (*Id.*)

In response to the order on discovery, on October 24, 2023, Relators served on Baptist Hospital requests for production, requests for admission, and interrogatories, all of which they claim is "related to the pending dispositive motions."

Relators are incorrect. The discovery requests promulgated by Relators are not "related to the pending dispositive motions," which have been fully briefed for more than two months. Indeed, as Relators themselves argue in their response to Baptist Hospital's motion to dismiss, the Court's inquiry on the "pending dispositive motions" is strictly limited to the material contained in the four corners of the Complaint, and the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff." (Dkt No. 88 at 8 (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007))). Notwithstanding those facts, Relators have served broad, burdensome discovery requests which are wholly inconsistent with the Court's stay of discovery. On that ground alone, Baptist Hospital objects to the Requests in full.

This preliminary statement is hereby incorporated by reference into each of Baptist Hospital's responses.

## OBJECTIONS TO RELATORS' DEFINITIONS AND INSTRUCTIONS

Baptist Hospital objects to each and every one of Realtors' Requests on the following grounds. These objections ("General Objections") shall be incorporated into each of Baptist Hospital's objections and responses to each individual Request set forth below in the "Specific Objections and Responses."

1. Baptist Hospital objects to the definition of "you," "your," "Defendant," and "Baptist," as (i) vague and ambiguous; (ii) overbroad; (iii) unduly burdensome; (iv) not proportional to the needs of the case; and (v) calling for the production of documents and

information that are subject to a claim of privilege.  Baptist Hospital further objects to this Definition to the extent it includes parties not under Baptist Hospital's control.

2.     Baptist Hospital objects to the definition of "SETMA" as (i) vague and ambiguous; (ii) overbroad; (iii) unduly burdensome; and (iv) not proportional to the needs of the case.

3.     Baptist Hospital objects to the definition of "Motion to Dismiss" on the ground that it does not include the full set of briefing on the motion, including Relators' response and Baptist Hospital's Reply in Support of its Motion to Dismiss.

4.     Baptist Hospital objects to the definition of "Recruitment Agreements" to the extent that Relators incorrectly identify the parties to the Physician Recruitment and Loan Agreements dated on or around July 29, 2015 (including the exhibits and addendum to same).

5.     Baptist Hospital objects to the definition of "Person" or "Persons" on the grounds that it seeks the production of confidential information and/or information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other applicable law, rule, privilege, or exemption from discovery.

6.     Baptists Hospital object to the Requests to the extent that they seek information that (i) was prepared for or in anticipation of litigation; (ii) constitutes attorney work product; or (iii) contains material subject to the attorney-client privilege.

7.     Baptist Hospital objects to Instruction No. 2 to the extent that it seeks to impose obligations that differ from or exceed those imposed by the Rules.

8.     Baptist Hospital objects to Instructions Nos. 4 and 5 on the grounds that they seek to impose obligations that differ from or exceed those imposed by the Rules.  Baptist Hospital will meet and confer with Relators to establish a mutually agreeable ESI protocol.

9.     Baptist Hospital objects to Requests on the ground that they are not limited to a relevant time frame to this litigation and the claims directed against Baptist Hospital in this litigation.

10.     The inadvertent production of any document where an objection to such production has been raised shall not constitute or be deemed a waiver of such objection.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

In your Motion to Dismiss, you contend that Baptist and SETMA "jointly recruit[ed] Relators." Produce all documents supporting this statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein. In particular, Baptist Hospital objects to this Request on the grounds that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Request is not related to Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11, the review of which is limited to the four corners of the Complaint. Baptist Hospital also objects to this Request on the ground that it is vague, ambiguous, overly broad and unduly burdensome, not proportional to the needs of the case, and seeks potentially privileged documents.  Subject to, and without waiving, any of the above objections, Baptist Hospital directs Relators to its production of October 17, 2023, which includes materials responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid induced or made as a result of the [Recruitment

Agreements].” In connection with this contention, produce all documents related to Medicare and Medicaid payments received by Baptist for patients that were referred to Baptist by SETMA, including any claims data, correspondence, and patient tracking records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Request on the grounds that the Court has entered an Order staying all discovery, “except discovery related to the pending dispositive motions,” and this Request is not related to Baptist Hospital’s pending Motion to Dismiss, which has been fully briefed since September 11, the review of which is limited to the four corners of the Complaint. Baptist Hospital also objects to this Request on the ground that it is vague, ambiguous, overly broad and unduly burdensome, not proportional to the needs of the case, and seeks potentially privileged documents. Baptist Hospital objects to the term “in connection with,” as the Request does not follow from the quoted language from Baptist Hospital’s Motion to Dismiss, and objects to the terms “Medicare and Medicaid” and “referred to Baptist by SETMA” as vague and ambiguous, including for the reasons set forth in the pending motion to dismiss.  Baptist Hospital further objects to this Request insofar as it seeks “patient tracking records” which are likely to contain substantial amounts of protected health information (“PHI”).

**REQUEST FOR PRODUCTION NO. 3:**

In your Motion to Dismiss, you argue that Relators have failed “to plausibly allege the existence of any referrals of Medicare or Medicaid induced or made as a result of the [Recruitment Agreements].” In connection with this contention, produce all documents [sic] data related to Medicare and Medicaid claims submitted by Baptist for patients that were referred to Baptist by SETMA, including any claims data, correspondence, and patient tracking records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Request on the grounds that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Request is not related to Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11, the review of which is limited to the four corners of the Complaint.  Baptist Hospital also objects to this Request on the ground that it is vague, ambiguous, overly broad and unduly burdensome, not proportional to the needs of the case, and seeks potentially privileged documents.  Baptist Hospital further objects to the term "in connection with," as the Request does not follow from the quoted language from Baptist Hospital's Motion to Dismiss.  Baptist Hospital objects to the terms "Medicare and Medicaid" and "referred to Baptist by SETMA" as vague and ambiguous, including for the reasons set forth in the pending motion to dismiss.   Baptist Hospital further objects to this Request insofar as it seeks "patient tracking records" which are likely to contain substantial amounts of PHI.

**REQUEST FOR PRODUCTION NO. 4:**

In your Motion to Dismiss, you state that "Relators make no specific allegations that [Baptist], or any [Baptist] employee whose conduct could give rise to liability for [Baptist], intended to enter into an *unlawful* arrangement, knew of any unlawfully induced referrals, or intentionally certified [Baptist's] compliance with AKS or the Stark Law, knowing the same to be false." In connection with this contention, produce (1) all documents and communications related to the Recruitment Agreements and/or the recruitment of Relators, (2) all policies related to physician recruiting, (3) all documents prepared by Baptist or at its direction that establish a community need for Relators' medical specialties, (4) all compliance and training policies

regarding the Anti-Kickback Statute or the Stark Law, and (5) all certifications of compliance with the Anti-Kickback Statue or the Stark Law in connection with claims arising from SETMA referrals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Request on the grounds that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Request is not related to Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11, the review of which is limited to the four corners of the Complaint.  Baptist Hospital also objects to this Request on the ground that it is vague, ambiguous, overly broad and unduly burdensome, not proportional to the needs of the case, and seeks potentially privileged documents.  Baptist Hospital further objects to the terms "community need," "certifications of compliance" and "claims arising from SETMA referrals" as vague and ambiguous, including for reasons set forth in the pending motion to dismiss.  Subject to, and without waiving, any of the above objections, Baptist Hospital directs Relator to its production of October 17, 2023, which includes materials responsive to this request.

Dated: November 24, 2023             Respectfully submitted,

                                     */s/ J. Thad Heartfield*
                                     J. Thad Heartfield
                                     State Bar No. 09346800
                                     THE HEARTFIELD LAW FIRM
                                     2195 Dowlen Road
                                     Beaumont, TX 77706
                                     Telephone: 409-866-3318
                                     Facsimile: 409-866-5789
                                     Email: thad@heartfieldlawfirm.com

                                     Edward B. Diskant
                                     M. Elias Berman

MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY 10017
Tel: (212) 547-5400
Fax: (646) 390-0877
ediskant@mwe.com
eberman@mwe.com

Jennifer B. Routh
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
Tel: (202) 756-8000
Fax: (202) 756-8087
jrouth@mwe.com

**ATTORNEYS FOR DEFENDANT,**
**Baptist Hospitals of Southeast Texas**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via e-mail on all counsel of record on November 24, 2023.

*/s/ J. Thad Heartfield*
J. Thad Heartfield

Exhibit H

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br>                   Plaintiffs, <br><br> v. <br><br> SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP et al., <br><br>                   Defendants. | **No. 1:23-CV-00329-MJT** <br><br> **DEFENDANT BAPTIST HOSPITALS OF SOUTHEAST TEXAS' OBJECTIONS AND RESPONSES TO RELATORS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, Defendant Baptist Hospitals of Southeast Texas ("Baptist Hospital") hereby provides the following objections and responses to Relators Daniel W. Elliott's and Lisa A. Minsloff's First Set of Interrogatories (Nos. 1-2) ("Interrogatory" or "Interrogatories").

## PRELIMINARY STATEMENT

On June 26, 2023, Defendants jointly moved for an order temporarily staying all discovery pending the Court's resolution of: (1) Defendants' motion to transfer this case to the Eastern District of Texas – Beaumont Division from the Marshall Division; and (2) Defendants' motions to dismiss, which seek dismissal based on, among other grounds, the Complaint's failure to comply with the heightened pleading requirements applicable under Fed. R. Civ. P. 9(b).  On September 1, 2023, Defendants' motion to transfer was granted (Dkt. No. 94).  On October 20, 2023, Defendants' motion for a temporary stay of discovery was granted, except for "discovery related to the pending dispositive motions," i.e., the motions to dismiss.  (Dkt. No. 114.)  The Order provided that the stay would "remain in effect until January 19, 2024."  (*Id.*)

In response to the order on discovery, on October 24, 2023, Relators served on Baptist Hospital requests for production, requests for admission, and interrogatories, all of which they claim relate is "related to the pending dispositive motions."

Relators are incorrect. The discovery requests promulgated by Relators are not "related to the pending dispositive motions," which have been fully briefed for more than two months. Indeed, as Relators themselves argue in their response to Baptist Hospital's motion to dismiss, the Court's inquiry on the "pending dispositive motions" is strictly limited to the material contained in the four corners of the Complaint, and the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff." (Dkt No. 88 at 8 (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007))). Notwithstanding those facts, Relators have served broad, burdensome discovery requests which are wholly inconsistent the Court's stay of discovery. On that ground alone, Baptist Hospital objects to the Interrogatories in full.

This preliminary statement is hereby incorporated by reference into each of Baptist Hospital's Interrogatory responses.

## OBJECTIONS TO RELATORS' DEFINITIONS

Baptist Hospital objects to each and every one of Realtors' Interrogatories on the following grounds. These objections ("General Objections") shall be incorporated into each of Baptist Hospital's objections and responses to each individual Interrogatory set forth below in the "Specific Objections and Responses."

1.      Baptist Hospital objects to the definition of "you," "your," "Defendant," and "Baptist," as (i) vague and ambiguous; (ii) overbroad; (iii) unduly burdensome; (iv) not proportional to the needs of the case; and (v) calling for the production of documents and

information that are subject to a claim of privilege.  Baptist Hospital further objects to this Definition to the extent it includes parties not under Baptist Hospital's control.

2.      Baptist Hospital objects to the definition of "SETMA" as (i) vague and ambiguous; (ii) overbroad; (iii) unduly burdensome; and (iv) not proportional to the needs of the case.

3.      Baptist Hospital objects to the definition of "Motion to Dismiss" on the ground that it does not include the full set of briefing on the motion, including Relators' response and Baptist Hospital's Reply in Support of its Motion to Dismiss.

4.      Baptist Hospital objects to the definition of "Recruitment Agreements" to the extent that Relators incorrectly identify the parties to the Physician Recruitment and Loan Agreements dated on or around July 29, 2015 (including the exhibits and addendum to same).

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

**INTERROGATORY NO. 1**

In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid patients induced or made as a result of the physician recruitment agreements." In connection with this contention, please state the number of claims per year submitted to Medicare and Medicaid for the treatment of patients referred to Baptist by SETMA. The relevant time frame for this interrogatory is July 29, 2015, through March 12, 2017.

**RESPONSE TO INTERROGATORY NO. 1**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Interrogatory on the ground that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Interrogatory is not related to

Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11 and which is limited to the four corners of the Complaint.  Baptist Hospital further objects to this Interrogatory as vague and ambiguous, including the term "in connection with," as the Request does not follow from the quoted language from Baptist Hospital's Motion to Dismiss. Baptist Hospital further objects to the terms "Medicare and Medicaid" and "referred to Baptist by SETMA" as vague and ambiguous, including for the reasons set forth more fully in Baptist Hospital's briefing on the pending motion to dismiss.

**INTERROGATORY NO. 2**

In your Motion to Dismiss, you argue that Relators have failed "to plausibly allege the existence of any referrals of Medicare or Medicaid patients induced or made as a result of the physician recruitment agreements." In connection with this contention, please state the total amounts received by Baptist from Medicare and Medicaid for the treatment of patients referred to Baptist by SETMA. The relevant time frame for this interrogatory is July 29, 2015, through March 12, 2017.

**RESPONSE TO INTERROGATORY NO. 2**

Baptist Hospital hereby incorporates its Preliminary Statement and General Objections set forth above as though fully set forth herein.  In particular, Baptist Hospital objects to this Interrogatory on the grounds that the Court has entered an Order staying all discovery, "except discovery related to the pending dispositive motions," and this Interrogatory is not related to Baptist Hospital's pending Motion to Dismiss, which has been fully briefed since September 11 and which is limited to the four corners of the Complaint.  Baptist Hospital further objects to this Interrogatory as vague and ambiguous, including the term "in connection with," as the Request does not follow from the quoted language from Baptist Hospital's Motion to Dismiss.  Baptist

4

Hospital further objects to the terms "Medicare and Medicaid" and "total amounts received by Baptist" as vague and ambiguous and the phrase "referred to Baptist by SETMA" as vague and ambiguous, including for the reasons set forth more fully in Baptist Hospital's briefing on the pending motion to dismiss.

Dated: November 24, 2023          Respectfully submitted,

*/s/ J. Thad Heartfield*
J. Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789
Email: thad@heartfieldlawfirm.com

Edward B. Diskant
M. Elias Berman
MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY  10017
Tel: (212) 547-5400
Fax: (646) 390-0877
ediskant@mwe.com
eberman@mwe.com

Jennifer B. Routh
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
Tel: (202) 756-8000
Fax: (202) 756-8087
jrouth@mwe.com

**ATTORNEYS FOR DEFENDANT,**
**Baptist Hospitals of Southeast Texas**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via e-mail on all counsel of record on November 24, 2023.

<u>/s/ J. Thad Heartfield</u>
J. Thad Heartfield