IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS ex rel. DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br>  Plaintiffs, <br><br> vs. <br><br> SOUTHEAST TEXAS MEDICAL ASSOCIATES, L.L.P., et al., <br><br>  Defendants. | NO. 1:23-cv-00329-MJT |

## DEFENDANT STEWARD HEALTH CARE SYSTEM LLC'S SEPARATE RESPONSE TO RELATORS' MOTION TO COMPEL

Defendant Steward Health Care System LLC joins in full Defendants' Joint Response to Relators' Motion to Compel and Request for Expedited Consideration. (Dkt. 120.) Steward files this separate response to address two points unique to Steward: (i) all three of Relators' requests for production to Steward seek documents belonging and pertaining exclusively to other parties that are currently defendants in this case, *not Steward*, and Steward is therefore not the proper party for Relators' requests; and (ii) the object of Relators' first request is material they suggest would be relevant to theories they did not allege in their operating pleading but instead raised for the first time in response to Steward's motion to dismiss, making this request also outside the scope of discovery. Relators' motion to compel should be denied.

### RELATORS' REQUESTS FOR PRODUCTION TO STEWARD

Relators served Steward with the following three requests for production:

**REQUEST NO. 1:** In your Motion to Dismiss, you contend that "Relators' complaint lacks any allegation regarding the type of transaction whereby SETMA became a part of [Steward], let alone that Steward assumed SETMA's pretransaction

1

liabilities through the deal." (cleaned up). **In Relators' response to your Motion to Dismiss**, Relators argued that Steward assumed SETMA's liabilities under the de facto merger doctrine and the mere continuation doctrine. In connection with the factors related to those doctrines, produce all documents reflecting (1) the personnel, location, and assets of **SETMA** and (2) the current management of **SETMA**.

**REQUEST NO. 2:** In your Motion to Dismiss, you argue that "[t]he Complaint . . . is silent as to whether Dr. Castro's email concerned Medicare or Medicaid patients, and does not allege that Dr. Castro encouraged SETMA's doctors to send drug tests to OnPoint." In connection with this allegation, produce all documents concerning any specimen from Medicare or Medicaid patients that **SETMA** sent to **OnPoint** for testing.

**REQUEST NO. 3:** In your Motion to Dismiss, you contend that "Relators do not plead any facts indicating that SETMA directed doctors to send the allegedly unnecessary drug tests to OnPoint." In connection with this allegation, produce all communications discussing **SETMA's** (1) ownership in **OnPoint** and (2) use of **OnPoint** to test specimen.

(**Exhibit A**, p. 6; emphasis added.) Steward objected to Relators' requests on several bases, including those noted in the introduction above. (*See* **Exhibit B**.) Steward incorporates all of its objections as if fully stated herein.

## ARGUMENT

To provide additional context to Relators' first request, Steward pointed out in its reply to its motion to dismiss that, as Relators have acknowledged, an entity called Permian Premier Health Services, Inc., *not Steward*, purchased certain SETMA assets in December 2018. (Dkt. 97, pp. 2, 4.) *Steward* is therefore not a proper party for *any* discovery request. Putting that aside, all three of Relators' requests to Steward seek documents belonging and pertaining exclusively to other parties *that are currently defendants in this case*—Southeast Texas Medical Associates, LLP ("SETMA") and OnPoint Lab, L.L.C. Any such documents that may exist are not Steward documents and the requests are therefore overbroad, unduly burdensome, and not proportional to the needs of the case as to Steward. This is especially true regarding Relators' second and third requests, as they pertain to the period when Relators were employed with SETMA, which was well over a year before the Permian-SETMA transaction as Relators left their employment with SETMA in early 2017.

Relators' first request is separately objectionable because it seeks documents pertaining to theories of liability against Steward (the de facto merger doctrine and the mere continuation doctrine) that Relators did not allege in their Original Complaint (Relators' operative pleading). (*See generally* Dkt. 2.) Relators raised these theories for the first time in their response to Steward's motion to dismiss (*see* Dkt. 92), a fact which can be gleaned from Relators' first request for production itself. It is black letter law that parties cannot amend their pleadings through response briefs. *See Carnahan v. Argon Med. Devices, Inc.*, 6:22-CV-080-JDK, 2022 WL 2392312, at *4 (E.D. Tex. July 1, 2022) ("[I]t is well settled that a plaintiff cannot amend her complaint through a response brief") (citing *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013)). Relators' first request is therefore outside the scope of discovery as it does not pertain to "any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Relators seemingly suggest that the Court's October 2023 stay order allows this request because the order says that discovery was stayed "except discovery related to the pending dispositive motions." (Dkt. 117 (Motion) (citing Dkt. 114 (Order)).) However, Relators' reading of the Order is off base. Rule 26(b)(1) **does not say that the scope of discovery can be expanded** beyond material relevant to a party's claim or defense; it says the exact opposite—that the scope of discovery can be "**otherwise limited by court order**..." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relators' Motion should thus be denied as to their first request to Steward for the additional reason that it is outside the scope of discovery.

> Respectfully submitted,
>
> */s/ Thomas G. Yoxall*
> **Thomas G. Yoxall**
>   State Bar No. 00785304
>   tyoxall@lockelord.com
> **Nicholas S. Graber**
>   State Bar No. 24122918
>   nick.graber@lockelord.com
> LOCKE LORD LLP
> 2200 Ross Avenue, Suite 2800
> Dallas, Texas 75201-6776
> (214) 740-8000 – Telephone
> (214) 740-8800 – Facsimile

**Ryan M. DiSantis\***
State Bar No. (Mass.) 654513
ryan.disantis@lockelord.com
Locke Lord LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
(617) 239-7613 – Telephone
(617) 227-4420 – Facsimile
*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on December 28, 2023, I caused a copy of this document to be filed via the Court's electronic filing system and set for service on counsel of record.

*/s/ Thomas G. Yoxall*
Thomas G. Yoxall