# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D.,<br><br>          Plaintiffs,<br><br>v.<br><br>SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP et al.,<br><br>          Defendants. | No. 1:23-CV-00329<br><br>**DEMAND FOR JURY TRIAL** |

## RELATORS' FIRST SET OF REQUESTS FOR PRODUCTION
## TO STEWARD HEALTH CARE SYSTEM LLC

TO:   Steward Health Care System LLC, by and through Tom Yoxall, Locke Lord LLP, 2200 Ross Avenue, Ste. 2800, Dallas, Texas 75201

Pursuant to Federal Rule of Civil Procedure 34 and the Court's October 20, 2023 Order (Dkt. No. 114), Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D. ("Relators") hereby serve their First Set of Requests for Production on Defendant Steward Health Care System LLC ("Steward"). Relators hereby requests that Steward respond to these requests for production within thirty (30) days of service at the offices of Reese Marketos LLP, 750 N. Saint Paul Street #600, Dallas, TX 75201.

## DEFINITIONS

1.      "**You**," "**your**," "**Defendant**," and "**Steward**" shall mean Steward Health Care System LLC and anyone acting on its behalf, pursuant to its authority, or subject to its control, including but not limited to Permian Premier Health Services, Inc.

2.      "**Relators**" shall mean Daniel W. Elliott and Lisa A. Minsloff and anyone acting on their behalf, pursuant to their authority, or subject to their control.

3.      "**SETMA**" shall mean Southeast Texas Medical Associates, LLP and anyone acting on its behalf, pursuant to its authority, or subject to its control, including, but not limited to, its providers.

4.      "**OnPoint**" shall mean OnPoint Lab, L.L.C. or anyone acting on its behalf, pursuant to its authority, or subject to its control.

5.      "**Motion to Dismiss**" shall mean Defendant Steward Health Care System LLC's Motion to Dismiss Relators' Original Complaint (Dkt. No. 61).

6.      "**Person**" or "**Persons**" shall mean all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

7.      "**Document**" or "**Documents**" shall mean all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail, records of telephone conversations, handwritten and typewritten notes of any kind, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices,

canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "**document**" shall include all copies that differ in any respect from the original or other versions of the document, including, but not limited to all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind. The term "**document**" shall also include any means for retaining information, including without limitation, hard copies as well as electronic or computerized data complications.

8.      "**Communication**" or "**Communications**" shall mean any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including social media posts, instant messages, chats and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

9.      "**Relating to**," "**Related to**" or "**Relates to**" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

10.     The defined terms herein shall have the meaning ascribed to them, whether in their capitalized or uncapitalized form.

## <u>INSTRUCTIONS</u>

1.      You are to produce all requested documents in your possession, custody or control.

2.     If you contend that you are not required to produce certain documents called for by these Requests on the grounds of a privilege or protection that you are not prepared to waive, identify each such document and provide the following information in a privilege log that conforms with the requirements of the Federal Rules of Civil Procedure and any and all applicable Local Rules:

    a.  the date and type of the document, the author(s) and all recipients;

    b.  the information sufficient to identify the privilege or protection you claim permits you to withhold the document;

    c.  the title and subject matter of the document;

    d.  any additional facts on which you base your claim of privilege or protection; and

    e.  the identity of the current custodian of the original of the document.

3.     Pursuant to Federal Rule of Civil Procedure 34(b), documents should be retained and produced in their original form and sequence, including file folders, to the maximum extent feasible. Alternatively, each document produced in response to any of the Requests below shall be organized and labeled to correspond to the specific Request to which it is responsive. The originals should remain available for inspection on reasonable notice.

4.     The documents should be produced in their complete and unaltered form. All associated metadata and other electronically stored information should be produced. Attachments to documents should not be removed. The documents should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged non-relevance.

If e-mails are produced that had attachments, the attachments shall be attached when produced.

5.      Documents in electronic form shall be produced in that form, together with all associated metadata.

6.      In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

      a.  the date and type of the document, the author(s) and all recipients;

      b.  the document's date, subject matter, number of pages, and attachments or appendices;

      c.  the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

      d.  the persons who were authorized to carry out such destruction or discard;

      e.  the persons who have knowledge of the content, origins, distribution and destruction of the document; and

      f.  whether any copies of the document exist and, if so, the name of the custodian of each copy.

7.      Unless stated otherwise, the relevant time period shall be from January 1, 2014, to present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1** In your Motion to Dismiss, you contend that "Relators' complaint lacks any allegation regarding the type of transaction whereby SETMA became a part of [Steward], let alone that Steward assumed SETMA's pre-transaction liabilities through the deal." (cleaned up). In Relators' response to your Motion to Dismiss, Relators argued that Steward assumed SETMA's liabilities under the de facto merger doctrine and the mere continuation doctrine. In connection with the factors related to those doctrines, produce all documents reflecting (1) the personnel, location, and assets of SETMA and (2) the current management of SETMA.

**REQUEST FOR PRODUCTION NO. 2** In your Motion to Dismiss, you argue that "[t]he Complaint . . . is silent as to whether Dr. Castro's email concerned Medicare or Medicaid patients, and does not allege that Dr. Castro encouraged SETMA's doctors to send drug tests to OnPoint." In connection with this allegation, produce all documents concerning any specimen from Medicare or Medicaid patients that SETMA sent to OnPoint for testing.

**REQUEST FOR PRODUCTION NO. 3** In your Motion to Dismiss, you contend that "Relators do not plead any facts indicating that SETMA directed doctors to send the allegedly unnecessary drug tests to OnPoint." In connection with this allegation, produce all communications discussing SETMA's (1) ownership in OnPoint and (2) use of OnPoint to test specimen.

Dated:  October 24, 2023          Respectfully submitted,

REESE MARKETOS LLP

By: _/s/ Joshua M. Russ_____
    Joshua M. Russ
    Texas Bar No. 24074990
    josh.russ@rm-firm.com
    Joel W. Reese
    Texas Bar No. 00788258
    joel.reese@rm-firm.com
    Adam Sanderson
    Texas State Bar No. 24056264
    adam.sanderson@rm-firm.com
    Andrew O. Wirmani
    Texas Bar No. 24052287
    andrew.wirmani@rm-firm.com
    Brett S. Rosenthal
    Texas Bar No. 24080096
    brett.rosenthal@rm-firm.com
    Allison N. Cook
    Texas Bar No. 24091695
    allison.cook@rm-firm.com

    750 N. Saint Paul St. Ste. 600
    Dallas, Texas 75201-3201
    Telephone: (214) 382-9810
    Facsimile:  (214) 501-0731

MASTROGIOVANNI MERSKY & FLYNN, P.C.

By: _/s/ Joseph J. Mastrogiovanni_____
    Joseph J. Mastrogiovanni, Jr.
    Texas Bar No. 13184380
    jmastro@mastromersky.com

    2001 Bryan Street, Suite 1250
    Dallas, Texas  75201
    Telephone:  (214) 922-8800
    Facsimile:  (214) 922-8801

ATTORNEYS FOR RELATORS

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of this document was served via email on all counsel of record on October 24, 2023.

<u>/s/ Allison N. Cook</u>

Allison N. Cook