# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF TEXAS<br>ex rel. DANIEL W. ELLIOTT, M.D. and<br>LISA A. MINSLOFF, M.D., | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| vs. | )<br>) | NO. 1:23-cv-00329-MJT |
| SOUTHEAST TEXAS MEDICAL<br>ASSOCIATES, L.L.P., et al., | )<br>)<br>) | |
| Defendants. | )<br>) | |

---

**DEFENDANT STEWARD HEALTH CARE SYSTEM LLC'S RESPONSES AND
OBJECTIONS TO RELATORS' FIRST SET OF REQUESTS FOR PRODUCTION**

---

TO:     Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D., by and through their counsel Joshua M. Russ, Reese Marketos LLP, 750 N. Saint Paul St. Ste. 600, Dallas, Texas 75201 (josh.russ@rm-firm.com).

        Defendant Steward Health Care System LLC ("Steward") serves its responses and objections to Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D.'s (collectively, "Relators") First Set of Requests for Production ("Requests") pursuant to Fed. R. Civ. P. 34. Steward reserves its right to supplement or amend these responses and objections.

1

Respectfully submitted,

*/s/ Thomas G. Yoxall*

**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Nicholas S. Graber**
  State Bar No. 24122918
  nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**Ryan M. DiSantis***
  State Bar No. (Mass.) 654513
  ryan.disantis@lockelord.com
Locke Lord LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
(617) 239-7613 – Telephone
(617) 227-4420 – Facsimile
*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 24, 2023, I served a copy of this document on the individual in the "to" line above and known counsel of record via email.

*/s/ Nicholas S. Graber*
Nicholas S. Graber

2

## GENERAL OBJECTIONS

1.     Steward objects to the Requests to the extent they seek information or documents protected by the attorney-client privilege, work product doctrine, common interest or joint defense privilege, or any other applicable privilege or immunity.

2.     Independent of and without limiting any General Objection or specific objection, Steward objects to Relators' request that it produce any requested documents by November 24, 2023, and further objects to producing any documents before it has had a reasonable period of time to conduct any necessary searches and to review the material for responsiveness and potential privilege. For the avoidance of doubt, this General Objection shall not be taken to suggest that Steward agrees to produce any document in response to the Requests.

3.     Steward objects to the Requests to the extent that they purport to require Steward to create new documents or material.

4.     Steward will give all undefined words, terms, and phrases in the Requests their ordinary and plain meaning. Steward objects to any undefined word, term, or phrase in the Requests being given any other meaning.

5.     Steward objects to the definition of "You," "your," "Defendant," and "Steward" included in Definition 1 on the basis that the definition includes Permian Premier Health Services, Inc. ("Permian"), a separate legal entity that is not a defendant in this case. This definition is unduly burdensome, overbroad, not proportional to the needs of the case, and designed to solicit documents not relevant to any claim or defense in the pleadings in this case (which consists solely of Relators' Complaint). Relators do not assert a claim against Permian and therefore there is no basis to request material related to Permian. Steward voluntarily produced the transaction documents related to the transaction involving Permian and Southeast Texas Medical Associates,

L.L.P. ("SETMA") to demonstrate that Steward was not the party involved with the SETMA transaction. Steward will define the foregoing terms to mean Steward Health Care System LLC.

6.      Steward objects to the definitions of "Relators," "SETMA," and "OnPoint," in Definitions 2-4 on the basis that those definitions purport to encompass "anyone acting on [] behalf" of those entities, while Steward would have no way of knowing the identity of such persons, or at least all such persons.

7.      Steward objects to the Requests as overbroad in temporal scope—and therefore also as overbroad in subject matter scope, unduly burdensome, not proportional to the needs of the case, and as seeking irrelevant material outside the scope of discovery given that this is a *qui tam* action—on the basis that the Instructions state that the relevant time period is January 1, 2014 to the present even though Relators were only employed with SETMA from 2015 to early 2017 and do not assert a claim related to any time outside of that period. Steward will define the relevant time period from Relators first day of employment with SETMA through their last day of employment with SETMA.

8.      Steward submits these General Objections and the Specific Objections without conceding or admitting the competency, relevancy, materiality or admissibility of any documents and/or information it might produce or the subject matter of any such documents.

9.      Steward objects to the Requests, including but not limited to the Instructions and Definitions sections, to the extent the Requests attempt to impose on Steward a duty or obligation beyond that required by the Federal Rules of Civil Procedure, including but not limited to obligations beyond what is required in connection with claims of privilege, privilege logs, and formats of any document produced.

10.     Steward incorporates its General Objections into all parts and subparts of the Requests and makes its responses subject to and without waiving these General Objections. The restatement of one or more of these General Objections into a response for a particular Request shall not be understood to mean that the other General Objections are not applicable to that Request. All General Objections are applicable to all Requests.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 1:** In your Motion to Dismiss, you contend that "Relators' complaint lacks any allegation regarding the type of transaction whereby SETMA became a part of [Steward], let alone that Steward assumed SETMA's pretransaction liabilities through the deal." (cleaned up). In Relators' response to your Motion to Dismiss, Relators argued that Steward assumed SETMA's liabilities under the de facto merger doctrine and the mere continuation doctrine. In connection with the factors related to those doctrines, produce all documents reflecting (1) the personnel, location, and assets of SETMA and (2) the current management of SETMA.

**RESPONSE:**  Steward incorporates its General Objections as if fully stated herein. Steward objects to this Request as seeking documents outside the scope of discovery (*i.e.*, irrelevant documents). Fed. R. Civ. P. 26(b)(1) states that: "*Unless otherwise limited by court order*, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relators did not plead successor liability against Steward in their Complaint, including but not limited to by way of the *de facto* merger doctrine or mere continuation doctrine. And, Relators' arguments about these things in their brief in response to Steward's motion to dismiss did not work to amend Relators' Complaint. *See Carnahan v. Argon*

*Med. Devices, Inc.*, 6:22-CV-080-JDK, 2022 WL 2392312, at *4 (E.D. Tex. July 1, 2022) ("[I]t is

well settled that a plaintiff cannot amend her complaint through a response brief") (citing *Roebuck*

*v. Dothan Sec., Inc.,* 515 F. App'x 275, 280 (5th Cir. 2013)). The documents Relators seek through

this Request are therefore clearly outside the scope of discovery and Steward objects to producing

the same. Moreover, this Request seeks documents pertaining to SETMA—which itself is a

defendant in this case. Steward therefore separately objects to producing any documents responsive

to this Request on the basis that any such documents would be available from a more convenient

source, *i.e.*, SETMA. Steward also objects to this Request's seeking of "[a]ll documents" on the

basis that the Request fails to set forth the material sought with particularity as required by Fed. R.

Civ. P. 34(b)(1)(A). Steward further objects to this Request to the extent it seeks material protected

by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any

other applicable privilege or immunity.

**REQUEST NO. 2:** In your Motion to Dismiss, you argue that "[t]he Complaint . . . is silent as to whether Dr. Castro's email concerned Medicare or Medicaid patients, and does not allege that Dr. Castro encouraged SETMA's doctors to send drug tests to OnPoint." In connection with this allegation, produce all documents concerning any specimen from Medicare or Medicaid patients that SETMA sent to OnPoint for testing.

**RESPONSE:** Steward incorporates its General Objections as if fully stated herein. Steward

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

case as to Steward on the basis that this Request asks Steward to produce documents related to

hypothetical interactions between two other parties—SETMA and OnPoint—and thus those other

parties would be the proper recipients of this Request even assuming the Request was not otherwise

objectionable. Steward objects to this Request as overbroad in temporal scope and subject matter,

unduly burdensome, and not proportional to the needs of the case on the basis that Relators fail to

allege any facts supporting their bare, conclusory allegations and therefore this Request is an

impermissible fishing expedition. Steward further objects to this Request as overbroad in temporal

scope as to Steward and therefore also overbroad in subject matter scope, unduly burdensome, and not proportional to the needs of the case on the basis that all of Relators' allegations pre-date the SETMA-Permian transaction. Therefore, while Steward would not be a proper defendant even if Relators alleged any misconduct after that transaction, it is independently true that there is no basis to issue this Request to Steward given the temporal scope of the Complaint's allegations. Steward also objects to this Request's seeking of "[a]ll documents" on the basis that the Request fails to set forth the material sought with particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Steward further objects to this Request to the extent it seeks material protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 3:** In your Motion to Dismiss, you contend that "Relators do not plead any facts indicating that SETMA directed doctors to send the allegedly unnecessary drug tests to OnPoint." In connection with this allegation, produce all communications discussing SETMA's (1) ownership in OnPoint and (2) use of OnPoint to test specimen.

**RESPONSE:** Steward incorporates its General Objections as if fully stated herein. Steward objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case as to Steward on the basis that this Request asks Steward to produce documents related to hypothetical interactions between two other parties—SETMA and OnPoint—and thus those other parties would be the proper recipients of this Request even assuming the Request was not otherwise objectionable. Steward objects to this Request as overbroad in temporal scope and subject matter, unduly burdensome, and not proportional to the needs of the case on the basis that Relators fail to allege any facts supporting their bare, conclusory allegations and therefore this Request is an impermissible fishing expedition. Steward further objects to this Request as overbroad in temporal scope as to Steward and therefore also overbroad in subject matter scope, unduly burdensome, and not proportional to the needs of the case on the basis that all of Relators' allegations pre-date the

SETMA-Permian transaction. Therefore, while Steward would not be a proper defendant even if Relators alleged any misconduct after that transaction, it is independently true that there is no basis to issue this Request to Steward given the temporal scope of the Complaint's allegations. Steward also objects to this Request's seeking of "[a]ll documents" on the basis that the Request fails to set forth the material sought with particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Steward further objects to this Request to the extent it seeks material protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.