UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel*. DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP *et al*., <br><br> Defendants. | No. 1:23-CV-00329 <br><br> DEMAND FOR JURY TRIAL |

### RELATORS' REPLY IN SUPPORT OF MOTION TO COMPEL AND REQUEST FOR EXPEDITED CONSIDERATION

The Court issued an order allowing for "*discovery related to the pending dispositive motions*." (Dkt. 114) (emphasis added). Relators reissued tailored discovery tied to issues raised in motions to dismiss filed by Defendants SETMA, Steward, OnPoint[1], and Baptist ("Defendants"). Defendants refused to comply with any of the discovery. Relators seek to compel compliance with discovery in this case. Relators contend the Court's order allows for targeted discovery aimed at streamlining the amendment and dispositive motion process.[2]

---

[1] As noted in the January 3, 2024 Joint Notice of Pending Settlement (Dkt. 123), both SETMA and OnPoint have reached a settlement in principle with Relators that is subject to government approval. Once final, that settlement will moot some of the issues herein. Counsel for Relators will work with counsel for SETMA and OnPoint to avoid unnecessary briefing and expense on this discovery dispute.

[2] As argued in their Motion to Extend Deadline to File Amended Pleadings Without Leave of Court (Dkt. 118) and their Reply in support thereof (Dkt. 124), Relators should have the

As a core starting position, Defendants cannot credibly assert that the Court's order does not allow for discovery. Instead, Defendants re-urge their arguments for a *complete* discovery stay from their June 26, 2023 Joint Motion for a Temporary Stay of Discovery. (Dkt. 60). While the Court granted Defendants a *portion* of their requested relief, the Court's order—by its plain and ordinary terms—expressly allows for discovery related to the motions to dismiss. Yet Defendants read the Court's discovery allowance as no discovery at all. Defendants even resort to contending, in a footnote, that the Court "may not have fully reviewed the voluminous pending motions" before issuing its discovery order. (Dkt 120 at 4, n.3.). Relators believe this Court means what it says and that it does not accidentally issue orders.

Notably, in their June 26, 2023 Joint Motion for a Temporary Stay of Discovery, Defendants recognize that the Court has broad discretion under Rule 26 over discovery matters, including stays and the breadth of discovery. Dkt. 60 at p. 2. The Court has discretion to limit and allow discovery, which it did in its stay order. And this Division has in fact allowed discovery in a False Claims Act action where a motion to dismiss was pending. In *States ex rel. Reddell v. DynCorp Int'l et al.*, Judge Crone allowed limited discovery and explained its relevance to motions to dismiss and potential amendment of the complaint:

> DynCorp argues there is good cause because discovery is not necessary to resolve the pending motion to dismiss, the court's disposition of the pending motion might preclude or reduce the need for discovery, and it will incur the expense of re-reviewing all documents previously produced to the Government. DynCorp further contends that staying discovery would not

---

benefit of discovery allowed by the Court in evaluating possible amendment by the Court's deadlines.

unduly delay litigation. The court is not persuaded that there is good cause to stay discovery in this case. The court permitted Relators to amend their complaint and to add additional parties without leave of court by June 1, 2018. The pending motions to dismiss likely will not address these new matters. The immediate scope of discovery has been limited, however, to written discovery and materials Defendants have already provided to the Government. Defendants were directed to file revised motions to dismiss if Relators amend their complaint before the agreed deadline, at which time broader discovery may be taken.

*Reddell*, No. 1:14-CV-86, 2018 WL 11348609, at *2 (E.D. Tex. Mar. 20, 2018). Here, the Court allowed limited discovery, and Defendants do not contend that the Court abused its discretion in allowing that discovery.

And, to be clear, the fact that this is a False Claims Act action does not alter the analysis as to the Court's discretion to allow discovery. In another recent False Claims Act opinion in a declined case, a court in this District denied a defendant's motion to stay, holding as follows:

> Under Local Rule CV-26 and Federal Rule of Civil Procedure 26, the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss. Local Rule CV-26(a), titled "No excuses," provides "a party is not excused from responding to discovery because there are pending motions to dismiss . . . or to change venue." In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Griffin v. Am. Zurich Ins.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Id*.

*Health Choice Group, LLC et al. v. Bayer Corp. et al.*, No. 5:17cv126-RWS-CMC, 2018 WL 5728515, at *3 (E.D. Tex. Apr. 25, 2018).

Relators aim to prosecute this case efficiently and diligently. Accordingly, Relators ask the Court to order Defendants to respond to Relators' discovery requests and produce responsive documents.

Dated: January 4, 2024                                     Respectfully submitted,

                                                    **REESE MARKETOS LLP**

By: */s/ Joshua M. Russ*
    Joshua M. Russ
    Texas Bar No. 24074990
    josh.russ@rm-firm.com
    Joel W. Reese
    Texas Bar No. 00788258
    joel.reese@rm-firm.com
    Adam Sanderson
    Texas State Bar No. 24056264
    adam.sanderson@rm-firm.com
    Andrew O. Wirmani
    Texas Bar No. 24052287
    andrew.wirmani@rm-firm.com
    Tyler J. Bexley
    Texas Bar No. 24073923
    tyler.bexley@rm-firm.com
    Brett S. Rosenthal
    Texas Bar No. 24080096
    brett.rosenthal@rm-firm.com
    Allison N. Cook
    Texas Bar No. 24091695
    allison.cook@rm-firm.com
    750 N. Saint Paul St. Ste. 600
    Dallas, Texas 75201-3201
    Telephone: (214) 382-9810
    Facsimile: (214) 501-0731

**MASTROGIOVANNI MERSKY & FLYNN, P.C.**

By: */s/ Joseph J. Mastrogiovanni*
    Joseph J. Mastrogiovanni, Jr.
    Texas Bar No. 13184380
    jmastro@mastromersky.com
    2001 Bryan Street, Suite 1250
    Dallas, Texas 75201
    Telephone: (214) 922-8800
    Facsimile: (214) 922-8801

**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of this document was filed on January 4, 2024, through the ECF system, and will thereby be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                         */s/ Joshua M. Russ*
                         Joshua M. Russ