UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> BAPTIST HOSPITALS OF SOUTHEAST TEXAS et al., <br><br> Defendants. | No. 1:23-CV-00329-MJT |

**RELATORS' RESPONSE TO DEFENDANTS' JOINT MOTION FOR A PARTIAL LIFT OF EXISTING STAY ORDERS, OR IN THE ALTERNATIVE A STAY OF DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS**

Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D. file this Response to Defendants' Joint Motion for a Partial Lift of Existing Stay Orders, or in the Alternative a Stay of Discovery Pending Resolution of Defendants' Motions to Dismiss.

## INTRODUCTION

During a March 14, 2024 status conference, the Court suggested that discovery be stayed in this matter pending the finalization of the United States, the State of Texas, and Relators' settlement with Southeast Texas Medical Associates, LLP ("SETMA"), OnPoint Lab, L.L.C., and the individual defendants except Dr. Holly (the "Settling Defendants"). After a lengthy negotiation process, the Settling Defendants, Relators, the United States, and the State of Texas executed a settlement agreement that resolved all disputes amongst those parties (the "Settlement Agreement"). The only remaining defendants, therefore, are James Holly, M.D. ("Dr. Holly") and Baptist Hospitals of Southeast Texas ("Baptist") (collectively, "Defendants"). Per the Court's direction, Relators have not engaged in any discovery with Defendants since the March 14, 2024

status conference. Since the Settlement Agreement has been finalized, this case has been significantly streamlined. Indeed, Defendants' own motion acknowledges that "as a result of the settlements [with the prior defendants], the further litigation of this case is likely to focus on discrete issues . . . ." Mot. 8. Nevertheless, Defendants again seek refuge in their to-be-filed motions to dismiss and ask the Court to stay discovery until the Court resolves those motions. This case has been pending for five years and unsealed for more than two years. There is no reason—let alone good cause—to continue delaying this case. Relators therefore request that the Court deny Defendants' motion, lift the bankruptcy stay in its entirety, and allow this case to proceed.

## ARGUMENT

**A. The Court's prior orders should not excuse Defendants from complying with their discovery obligations.**

Defendants appear to contend that the Court's March 12, 2024 Order and May 14, 2024 Order excuse Defendants from complying with their discovery obligations. But the March 12, 2024 Order expired by its own terms on May 13, 2024. *See* Dkt. 132. And the Court entered the May 14, 2024 Order in response to then-Defendant Steward Health Care System LLC's ("Steward") Suggestion of Bankruptcy. *See* Dkts. 136, 137. Steward is no longer a party to this case. *See* Dkt. 139. Therefore, a bankruptcy stay under 11 U.S.C. § 362(a)(1) is neither necessary nor appropriate. *See Wedgewood v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) ("[T]he protections of [11 U.S.C. §] 362 neither apply to co-defendants nor preclude severance."). Therefore, the Court should reject any argument that those orders continue to govern discovery in this matter.

**B. The Court should not grant a stay based on any to-be-filed motions to dismiss because Defendants have not shown a unique burden in proceeding with discovery nor that any to-be-filed motions are so clearly meritorious as to justify a stay.**

Defendants alternatively request that the Court enter a new order further staying discovery because Defendants intend to file renewed motions to dismiss under Rules 12(b)(6) and 9(b). The Court should deny this request.

The Local Rules are clear: "Except in cases involving . . . a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss." Local Rule CV-26. Therefore, unless the Court finds good cause to stay discovery, Defendants' to-be-filed motions to dismiss do not relieve Defendants from their discovery obligations.

Courts have emphasized that a stay of discovery "is the exception rather than the rule." *United States ex rel. Reddell v. DynCorp Int'l et al.*, Civ. A. No. 1:14-CV-86, 2018 WL 11348609, at *1 (E.D. Tex. Mar. 20, 2018) (cleaned up) (collecting authorities). In considering whether to grant a stay based on a pending motion to dismiss, courts consider the following factors: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the motion seeking a stay." *Id.* (citation omitted).

1. <u>Defendants have not identified a concrete and unique burden to justify a stay of discovery</u>.

With respect to the first factor, the only discovery obligations that Defendants could be seeking to avoid at this juncture are the disclosure requirements set forth in the Court's prior discovery order.[1] *See* Dkt. 95 (directing the parties to complete initial mandatory disclosures). Thus, any breadth of discovery is purely speculative.

2. <u>Any burden on Defendants is neither undue nor unique</u>.

---

[1] Defendants cite (1) a 2023 letter Relators sent to Defendants and (2) Relators' First Set of Requests for Production to justify their argument that "Relators have already served enormously expansive discovery requests in this case." *See* Mot. 9. But neither of those documents give rise to live discovery obligations. The referenced letter addressed Judge Gilstrap's discovery order requiring the parties to produce all documents relevant to the pleaded claims or defenses in the action; it was not a formal request for production under the Federal Rules of Civil Procedure. And the First Set of Requests for Production were ultimately mooted due to Defendants' voluntary dismissal of their motions to dismiss. *See* Dkt. 135. Therefore, neither the letter nor the four narrowly tailored previously served discovery requests present Defendants with any discovery obligations (let alone undue burdens).

3

As to the second factor, Defendants' own motion implies that any burden of complying with discovery obligations is minimal. Indeed, Defendants repeatedly emphasize that "much of the core discovery that is central to Relators' remaining claims has already been produced through prior litigation," Mot. 2; *see also* Mot. 5 (noting the prior litigation "included fulsome discovery"); Mot. 9. It should not be overly burdensome, therefore, for Defendants to simply supplement their prior productions with any additional documents relevant to the "discrete issues" that remain in the litigation. *Id.* at 8.

In any event, Defendants have almost certainly already gathered, reviewed, and produced relevant documents in connection with the government's investigation in this matter. The burden of reproducing those documents to Relators is minimal. *See Reddell*, 2018 WL 11348609, at *2 (ordering discovery of "materials Defendants have already provided to the Government"); *Kassover v. UBS A.G.*, No. 08 Civ. 2753, 2008 WL 5395942, at *4 (S.D.N.Y. Dec. 19, 2008) ("Producing the documents . . . which the defendants gathered and surrendered to government investigators previously . . . would not be burdensome for [defendant].").[2]

With no basis to argue that discovery would be unduly burdensome for Defendants themselves, Defendants argue the Court should issue the stay for the benefit of third parties. *Id.* at 10. To be sure, Relators have not served subpoenas on any third parties. So again, any burden is purely speculative. *See Hoxie v. Livingston Cnty.*, No. 09-CV-10725, 2010 WL 822401, at *1 (E.D. Mich. Mar. 4, 2010). Regardless, the potential impact of discovery on third parties does not affect

---

[2] *See also United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 363-64 (5th Cir. 2013) ("The harm to Transocean from producing documents that it has already provided to other government agencies is less than the burden of producing documents in the first instance.") (cleaned up).

this analysis, since those issues can be addressed via the protections afforded in Federal Rule of Civil Procedure 45.

Defendants try to strengthen this argument with a strawman, contending that "Dr. Holly retired from SETMA . . . and did not take any documents with him," and that therefore, "discovery requests aimed at Dr. Holly would necessarily implicate SETMA . . . and potentially Steward." Mot. 2. Not so. If Relators serve requests for production on Dr. Holly, he need only produce responsive documents in his possession, custody, and control. Fed. R. Civ. P. 34(a)(1). If Dr. Holly does not have possession, custody, or control over SETMA's or Steward's documents, then he is not obligated to produce those documents. Put simply, Defendants cannot relieve themselves of their discovery obligations by claiming that, in the future, a third party may or may not be burdened with discovery under Federal Rule of Civil Procedure 45.

3. <u>Defendants to-be-filed motions to dismiss do not warrant a discovery stay</u>.

Finally, Defendants have yet to file their motions to dismiss, and therefore, the third factor can hardly be analyzed. Defendants naturally claim that their to-be-filed motions "raise serious issues and strong legal arguments about the sufficiency and legal viability of the claims in the Complaint." Mot. 7. But a motion to stay discovery should not be granted "merely because defendant believes it will prevail on its motion to dismiss." *Health Choice Group, LLC et al. v. Bayer Corp. et al.*, No. 5:17cv126-RWS-CMC, 2018 WL 5728515, at *1 (E.D. Tex. Apr. 25, 2018) (citations omitted). Moreover, under any reading of the pleaded facts, the Complaint easily satisfies Rule 9(b)'s particularity standard.

The 66-page Complaint includes thirty pages of factual allegations detailing Defendants' violations of the Stark Law, the Anti-Kickback Statute, and the False Claims Act. *See* ECF No. 2.

Per the Complaint, Relators are practicing physicians who negotiated employment agreements with SETMA in January 2015. Compl. ¶ 3. *After* Relators purchased a home and moved to Beaumont, Baptist forced sham recruiting agreements on Relators that purport to justify Baptist paying remuneration to SETMA—a major referral source. *Id.* ¶¶ 6-7. In reality, Baptist played no role in recruiting Relators to the Beaumont area. *Id.* ¶ 101. Yet in exchange for the remuneration paid by Baptist, SETMA's managers encouraged its employee practitioners to make referrals to Baptist, including for Medicare and Medicaid Patients, in clear violation of the Stark Law, the Anti-Kickback Statute, and the False Claims Act. *Id.* ¶ 8.

In addition to the recruitment sham, the Complaint alleges that Dr. Holly had a financial incentive to order and refer laboratory tests to Defendant OnPoint Lab, L.L.C. ("OnPoint"). *Id.* ¶ 9. Specifically, Dr. Holly has a financial interest in OnPoint, and SETMA self-referred patient specimens to OnPoint. *Id.* ¶¶ 10-11

The detailed allegations in the Complaint will pass the Rule 9(b) threshold. For these reasons, the Court should not stay discovery pending the outcome of Defendants' to-be-filed motions to dismiss.

## CONCLUSION

For the foregoing reasons, Relators request that the Court deny Defendants' motion, lift the bankruptcy stay in its entirety, and allow discovery to proceed in this matter.

Dated:  April 22, 2025        Respectfully submitted,

**REESE MARKETOS LLP**

By: */s/ Allison N. Cook*
   Joshua M. Russ
   Texas Bar No. 24074990
   josh.russ@rm-firm.com
   Joel W. Reese
   Texas Bar No. 00788258
   joel.reese@rm-firm.com
   Adam Sanderson
   Texas State Bar No. 24056264
   adam.sanderson@rm-firm.com
   Andrew O. Wirmani
   Texas Bar No. 24052287
   andrew.wirmani@rm-firm.com
   Brett S. Rosenthal
   Texas Bar No. 24080096
   brett.rosenthal@rm-firm.com
   Allison N. Cook
   Texas Bar No. 24091695
   allison.cook@rm-firm.com

   750 N. Saint Paul St. Ste. 600
   Dallas, Texas 75201-3201
   Telephone: (214) 382-9810
   Facsimile:  (214) 501-0731

**MASTROGIOVANNI MERSKY & FLYNN, P.C.**

By:  */s/ Joseph J. Mastrogiovanni*
   Joseph J. Mastrogiovanni, Jr.
   Texas Bar No. 13184380
   jmastro@mastromersky.com

   2001 Bryan Street, Suite 1250
   Dallas, Texas  75201
   Telephone:  (214) 922-8800
   Facsimile:   (214) 922-8801

**ATTORNEYS FOR RELATORS**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of this document was filed on April 22, 2025, through the ECF system, and will thereby be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                  _/s/ Allison N. Cook_
                  Allison N. Cook