**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., | NO. 1:23-CV-00329-MJT |
| Plaintiffs, | |
| v. | |
| SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP, *et al.*, | |
| Defendants. | |

**REPLY TO RELATORS' RESPONSE TO**
**DEFENDANTS' JOINT MOTION FOR A PARTIAL LIFT OF EXISTING**
**STAY ORDERS, OR IN THE ALTERNATIVE, A STAY OF DISCOVERY**
**<u>PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS</u>**

In asking the Court to partially lift the existing stay, or in the alternative, enter an order further staying discovery pending resolution of Defendants' recently filed motions to dismiss, Defendants highlighted three independent reasons why such relief was appropriate, none of which are disturbed by Relators' Response. (Dkt. 148.)

*First*, Defendants' have filed renewed motions to dismiss pursuant to Rules 9(b) and 12(b)(6) (Dkts. 149, 151) that raise substantial deficiencies in Relators' claims and that, if granted, would either terminate the litigation or "necessarily implicate[] . . . merits-related discovery." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994).  Moreover, while Relators rely on Local Rule CV-26's standard that a motion to dismiss does not stay discovery absent "a court order," Relators *do not even acknowledge* the basis on which Defendants' seek such a "court order" *here*: the Fifth Circuit's clear guidance that in FCA litigation like this, a motion to dismiss *should* warrant a stay of discovery. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190–91 (5th Cir. 2009) (finding that court should determine whether Relators have met pleading burden *before* earning their "ticket to the federal discovery apparatus"). Indeed, the Court already stayed discovery once for substantially those reasons. (Dkt. 114.)

*Second*, it remains the case that Relators have already received substantial discovery regarding the claims that remain in the case – claims Relators concede have been "streamlined" as a result of the recent settlements (Resp. at 2) – which turn, at least as to Baptist, entirely on issues that were *previously litigated*. Baptist has already served initial disclosures and made an initial document production in this case, and Relators also have the document productions made by Baptist in the prior litigation. That too readily distinguishes this case from most, and only further underscores that good cause exists to enter a stay of further discovery pending resolution of Defendants' pending motions to dismiss.

1

*Third,* Defendants noted the substantial burden that further discovery would likely impose if permitted, highlighting the extraordinarily broad discovery demands Relators previously advanced in this litigation. Rather than dispute the enormous scope of those requests, Relators now contend those requests have been "withdrawn." (Resp. at 3 n.1.) If so, then Relators will suffer no prejudice in extending the stay of discovery, which further counsels in favor of granting the Motion. By contrast, if Relators intend to re-serve those "withdrawn" requests or ones like them, they do not and cannot dispute the substantial and undue burden those requests would impose on Defendants, and likely third parties, that may be rendered moot by the pending motions to dismiss.

Because Defendants can establish "good cause" to continue to stay discovery while the Court considers the dispositive motions, Defendants' motion to partially lift the existing stay, or in the alternative to enter a further stay of discovery, should be granted.

## DISCUSSION

A stay of further discovery is appropriate here for three reasons:  *First*, Defendants have now re-filed motions to dismiss pursuant to Rules 9(b) and 12(b)(6) that attack fatal deficiencies in the Complaint. And while there is no dispute that a motion to dismiss might not automatically stay discovery, the Fifth Circuit has made clear that the facts of this case warrant an exception. In particular, a motion to dismiss an FCA action pursuant to Rule 9(b) *should* serve "as a gatekeeper to discovery" and a "tool to weed out meritless fraud claims." *Grubbs*, 565 F.3d at 185 (affirming grant of a motion to dismiss that was fully briefed while discovery was stayed); *United States v. Team Fin., L.L.C.*, 2019 WL 3943958, at *4 (E.D. Tex. Aug. 21, 2019) (quoting *Grubbs*, 565 F.3d at 190). Relators do not distinguish or acknowledge the Fifth Circuit's guidance *at all*.

Instead, Relators attack the merits of Defendants' motions to dismiss. Those attacks ring hollow for substantially the reasons set forth in Defendants' briefing. (Dkts. 149, 151.) For

example, while Relators rely on their conclusory allegation that "in exchange for the remuneration paid to Baptist, SETMA's managers encouraged its employee practitioners to make referrals to Baptist," (Resp. at 6), not only does the Complaint fail to plausibly allege as much, *see Team Fin., L.L.C.*, 2019 WL 3943958, at *5 n.4, but such claims (even if true) focus on the conduct *of SETMA* not anyone at Baptist. Notably, in the sole case upon which Relators rely, *United States ex rel. Reddell v. DynCorp Int'l et al.*, the district court declined to stay discovery pending resolution of a motion to dismiss because the relator in that case, unlike in this one, had materially amended its complaint after the filing of the motion, such that the pending motion "likely [would] not address these new matters." 2018 WL 11348609, at *2 (E.D. Tex. Mar. 20, 2018). Not so here, where Relators have *never* amended their Complaint, despite having been on notice for nearly two years of the deficiencies raised in Defendants' motions.

*Second*, as Relators now acknowledge, substantial discovery has already been produced regarding the claims and issues raised in the Complaint as to Baptist, including documents produced in connection with the prior litigation over the same core facts.[1] Relators now contend that all that is left is for Defendants "to simply supplement their prior productions with any additional documents relevant to the 'discrete issues' that remain in the litigation." (Resp. at 4.)[2] As an initial matter, despite having Defendants' productions for many months if not years, Relators do not identify what, in their view, these "additional documents" or "discrete issues" are, or why

---

[1] Relators also suggest that because they believe the Government investigated their claims prior to declining to intervene that "Defendants have almost certainly already gathered, reviewed, and produced relevant documents in connection with the government's investigation in this matter." (Resp. at 4.) To be clear, Relators have no insight into what the Government investigation entailed (if anything); whether any productions were made; and, if so, whether they included documents not already produced to Relators. Whether a Government investigation occurred, and whether documents relevant to this litigation were previously collected and produced, are of little relevance to the parties' Rule 26 obligations and the burdens of meeting those obligations here.

[2] In the event that this Court is inclined to permit further discovery, Defendants respectfully submit the Court should hold Relators to their representations and limit such discovery to "additional documents" focused on "discrete issues" not covered by the existing productions. (Resp. at 4.)

Relators need them *now*. As the Firth Circuit has made clear, motions to dismiss under Rule 9(b) and 12(b)(6) "are decided on the face of the complaint" and as such "no discovery [is] needed to resolve the[m]." *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 435 (5th Cir. 1990). More broadly Relators do nothing to articulate why they need additional discovery at this stage in the proceedings, and why – if all they seek is supplemental discovery regarding "discrete issues" – that cannot await the Court's consideration of Defendants' motions to dismiss.

*Third*, good cause exists for the relief sought because imposing further discovery obligations on Defendants at this stage would pose substantial and undue burden.  Further discovery, should the Court permit it, is unlikely to be as simple and straightforward as Relators suggest. In particular, while Relators now disclaim their prior discovery demands (Resp. at 3 n.1), Relators' original discovery requests were hardly focused on "discrete issues." (*See* Dkt. 147-1, Ex. B, at 6.) Relators also sought to do precisely what the Fifth Circuit has cautioned against: having failed to plausibly allege the existence of unlawful referrals or a scheme to make such referrals in their Complaint, Relators served expansive requests for documents that might permit them to identify claims they could then argue consisted of such "referrals." (*See id*. (requesting "*all documents* related to Medicare and Medicaid payments received by Baptist *for patients that were referred to Baptist by SETMA*, including any claims data, correspondence, and patient tracking records") (emphasis added)); *cf. Team Fin.*, 2019 WL 3943958, at *4 (the "particularity requirements [of Rule 9(b)] . . . prevent plaintiffs from filing baseless claims and then attempting to discover unknown wrongs") (cleaned up).) And of course, absent a stay, discovery might entail written interrogatories and requests for admission that the parties would need to draft and respond to, and depositions the parties would need to prepare to take and defend.  Far from "purely speculative" (Resp. at 3), these concerns are born from how Relators have litigated *this case*.

Similarly, while Relators contend that third-party discovery is unlikely, prior to entry of the current stays, they had served an expansive subpoena on CMS which, to Defendants' knowledge, remains pending. (Ex. 1.) And as to Defendant Dr. Holly, Relators seek to have it both ways, first conceding that Dr. Holly only needs to produce documents in his possession (Resp. at 5), but in the next breath arguing that the Complaint raises a litany of allegations as to Dr. Holly's conduct while *at SETMA* (*id*. at 6), begging the question as to where Relators will seek materials relevant to those allegations if not from SETMA and other third parties.

Based on the above, Defendants respectfully submit that "good cause" exists to stay discovery pending resolution of the pending motions to dismiss, and that consideration of the factors that guide the exercise of the Court's discretion weigh heavily in favor of granting the instant Motion. Indeed, Relators do not meaningfully dispute that good cause exists. Rather they attempt to focus the Court on a standard that does not exist, arguing that "Defendants have not identified a concrete and unique burden to justify a stay of discovery." (*Id*. at 3.) While the law imposes no such requirement – and Relators certainly cite no authority for it – there is no serious question that the facts of this case, if not "unique," are certainly uncommon and weigh in favor of a stay. Moreover, the relief sought will be consistent with Fifth Circuit guidance and will not prejudice Relators, who have already received meaningful discovery in connection with their discrete remaining claims.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that their motion to partially lift the Stay Orders to allow refiling of Defendants' motions to dismiss the Complaint for failure to satisfy the requirements of Rules 9(b) and 12(b)(6), while otherwise preserving the stay of any further proceedings or discovery, should be granted.

Dated: May 6, 2025                          Respectfully submitted,

                                            */s/ J. Thad Heartfield*
                                            J. Thad Heartfield
                                            M. Dru Montgomery
                                            State Bar No. 09346800
                                            THE HEARTFIELD LAW FIRM
                                            2195 Dowlen Road
                                            Beaumont, TX 77706
                                            Telephone: 409-866-3318
                                            Facsimile: 409-866-5789
                                            dru@heartfieldlawfirm.com
                                            thad@heartfieldlawfirm.com

                                            Edward B. Diskant
                                            M. Elias Berman
                                            MCDERMOTT WILL & EMERY LLP
                                            1 Vanderbilt Avenue
                                            New York, NY  10017
                                            Tel: (212) 547-5400
                                            Fax: (646) 390-0877
                                            ediskant@mwe.com
                                            eberman@mwe.com

                                            Jennifer B. Routh
                                            MCDERMOTT WILL & EMERY LLP
                                            500 North Capitol Street, N.W.
                                            Washington, D.C. 20001
                                            Tel: (202) 756-8000
                                            Fax: (202) 756-8087
                                            jrouth@mwe.com

                                            ATTORNEYS FOR DEFENDANT,
                                            Baptist Hospitals of Southeast Texas

                                            */s/ Bruce M. Partain*
                                            Bruce M. Partain
                                            State Bar No. 15548400
                                            WELLS PEYTON PARTAIN BALDO &
                                            LIGHTY, LLP
                                            550 Fannin Suite 600
                                            Beaumont, TX 77701
                                            Tel: 409-838-2644
                                            Fax: 409-838-0416
                                            bpartain@wellspeyton.com

                                            ATTORNEY FOR DEFENDANT,
                                            James Holly, M.D.

6

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 6th day of May, 2025.

/s/ *J. Thad Heartfield*
J. Thad Heartfield